JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
MARTHA C. MANN (FL Bar No. 155950)
martha.mann@usdoj.gov
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants. | Case No. 4:18-cv-03237-HSG<br><br>**EPA'S MOTION TO DISMISS**<br><br>Date: October 25, 2018<br>Time: 2:00pm<br>Courtroom: 2, 4th Floor, 1301 Clay Street, Oakland, CA |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, on October 25, 2018, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Haywood S. Gilliam, Jr., Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California, Defendants the United States Environmental Protection Agency and Acting Administrator Andrew R. Wheeler,[1] in his official capacity as Administrator of the United States Environmental Protection Agency (collectively, "EPA"), will and do respectfully move to dismiss for lack of jurisdiction and failure to state a claim in the Complaint filed by Plaintiffs the State of California, by and through the Attorney General and the California Air Resources Board; the State of Illinois; the State of Maryland; the State of New Mexico; the State of Oregon; the Commonwealth of Pennsylvania; the State of Rhode Island, and the State of Vermont ("Plaintiffs").

The motion is based on this notice and the accompanying memorandum of points and authorities; any declarations, exhibits, and request for judicial notice filed in support of the motion; together with such oral and/or documentary evidence as may be presented at the hearing on this motion.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Andrew R. Wheeler, Acting Administrator of the U.S. Environmental Protection Agency, is automatically substituted as the Defendant in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ...................................................................................iv-vii

I.      INTRODUCTION .......................................................................................1

II.     STATUTORY AND REGULATORY BACKGROUND.................................3

        A.      Clean Air Act ..................................................................................3

        B.      Regulatory Background ...................................................................4

III.    STANDARD OF REVIEW .........................................................................5

IV.     ARGUMENT ..............................................................................................6

        A.      The Court Lacks Jurisdiction to Hear Plaintiffs' Clean Air Act
                Citizen Suit......................................................................................6

                1.      CAA Section 304(a)(2) Does Not Confer Jurisdiction Over
                        Plaintiffs' Claims. ...............................................................6

                2.      Plaintiffs Have Not Alleged—and Cannot Bring—an
                        Unreasonable Delay Claims.................................................8

        B.      Plaintiffs' Remaining Jurisdictional Allegations Similarly Fail
                As a Matter of Law. .........................................................................9

                1.      Section 1331 of Title 28 Is Not a Basis for Jurisdiction
                        Over Plaintiffs' Claims. ......................................................9

                2.      The Mandamus Act Is Not a Basis for Jurisdiction Over Plaintiffs'
                        Claims. ................................................................................10

                3.      The APA Is Not A Basis for Judicial Review of Plaintiffs' Claims..........11

        C.      Plaintiffs Fail to State a Claim to the Extent They Do Not Identify the States
                That Should Have Submitted Plans .................................................12

V.      CONCLUSION............................................................................................12

1

**TABLE OF AUTHORITIES**

2

CASES                                                                                                              <u>PAGE</u>

3

*Ala. Power Co. v. Costle*,
   636 F.2d 323 (D.C. Cir. 1979) .................................................................................5

4

5

*Allen v. Milas*,
   No. 16-15728, 2018 WL 3543152, at *3 (9th Cir. July 24, 2018) ...................................11

6

7

*Allied Chemical Corp. v. Daiflon, Inc.*,
   449 U.S. 33 (1980) .................................................................................................10

8

9

*Am. Elec. Power Co. v. Conn.*,
   564 U.S. 410 (2011) ...............................................................................................3

10

11

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ..............................................................................6, 12

12

13

*Envtl. Integrity Project v. EPA*,
   160 F. Supp. 3d 50 (D.D.C. 2015) ....................................................................5, 9, 11

14

15

*Epstein v. Wash. Energy Co.*,
   83 F.3d 1136 (9th Cir. 1996) ....................................................................................6

16

17

*FAA v. Cooper*,
   566 U.S. 284 (2012) ...........................................................................................5, 8

18

19

*Gully v. First Nat'l Bank of Meridian*,
   299 U.S. 109 (1936) ..............................................................................................11

20

21

*Fallini v. Hodel*,
   783 F.2d 1343 (9th Cir. 1986) .................................................................................10

22

23

*Farmers Union Cent. Exch., Inc. v. Thomas*,
   881 F.2d 757 (9th Cir. 1989) ....................................................................................7

24

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) ..................................................................................6

25

26

*Heckler v. Ringer*,
   466 U.S. 602 (1984) ..............................................................................................10

27

28

*Heller v. United States*,
   776 F.2d 92 (3d Cir. 1985) .......................................................................................8

iv

*Humane Soc'y of the United States v. McCarthy*,
    209 F. Supp. 3d 280 (D.D.C. 2016) .................................................................5

*Kester v. Campbell*,
    652 F.2d 13 (9th Cir. 1981) .......................................................................10

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ...............................................................................5-6

*Library of Congress v. Shaw*,
    478 U.S. 310 (1986) ..................................................................................5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................5

*Maine v. Thomas*,
    874 F.2d 883 (1st Cir. 1989) .......................................................................8

*Match–E–Be–Nash–She–Wish Band of Pottawatomi Indians v. Patchak*,
    567 U.S. 209 (2012) .................................................................................10

*Merrell Dow Pharm., Inc. v. Thompson*,
    478 U.S. 804 (1986) ..................................................................................9

*Monongahela Power Co. v. Reilly*,
    980 F.2d 272, 275 n.2 (4th Cir. 1992) ...........................................................9

*N. Star Int'l v. Ariz. Corp. Comm'n*,
    720 F.2d 578 (9th Cir. 1983) ...............................................................6, 12

*NRDC v. Train*,
    510 F.2d 692 (D.C. Cir. 1974) ....................................................................5

*Our Children's Earth Found. v. EPA*,
    527 F.3d 842 (9th Cir. 2008) ......................................................................7

*Patel v. Reno*,
    134 F.3d 929 (9th Cir. 1998) .....................................................................10

*Phillips Petrol. Co. v. Texaco, Inc.*,
    415 U.S. 125 (1974) ...............................................................................9-10

*Piledrivers' Local Union No. 2375 v. Smith*,
    695 F.2d 390, 392 (9th Cir. 1982) ..............................................................11

v

*Ruckelshaus v. Sierra Club*,
    463 U.S. 680 (1983)................................................................................5

*Sierra Club v. Whitman*,
    268 F.3d 898 (9th Cir. 2001) ...............................................................7

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) .............................................................6

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998)...............................................................................5

*Tucson Airport Auth. v. Gen. Dynamics Corp.*,
    136 F.3d 641, 645 (9th Cir. 1998) .....................................................11

*United States v. King*,
    395 U.S. 1 (1969)................................................................................5

*United States v. N.Y. Rayon Importing Co.*,
    329 U.S. 654 (1947)............................................................................8

*United States v. Nordic Village, Inc.*,
    503 U.S. 30 (1992)..........................................................................5, 6

*Utley v. Varian Assoc., Inc.*,
    811 F.2d 1279 (9th Cir. 1987) ...........................................................10

*WildEarth Guardians v. McCarthy*,
    772 F.3d 1179 (9th Cir. 2014) .............................................................7

*Wyler Summit P'ship v. Turner Broad. Sys.*,
    135 F.3d 658 (9th Cir. 1998) ...............................................................6

STATUTES

Administrative Procedure Act, 5 U.S.C. §§ 701-706:

    5 U.S.C. § 704...................................................................................11

28 U.S.C. § 1331........................................................................................9

28 U.S.C. § 1361......................................................................................10

Clean Air Act, 42 U.S.C. §§ 7401 to 7671q:

    Section 101(b)(1), 42 U.S.C. § 7401(b)(1) .........................................3

Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B) ................................................3

Section 111(d), 42 U.S.C. § 7411(d) ................................................3

Section 304, 42 U.S.C. § 7604 ................................................4

Section 304(a), 42 U.S.C. § 7604(a) ................................................ 2, 4-5, 9, 11

Section 304(a)(2), 42 U.S.C. § 7604(a)(2)................................................ 2, 4, 5, 6-7, 8,11

REGULATIONS

40 C.F.R. Pt. 60, Subpart B ................................................3

40 C.F.R. § 60.23(a)(1) ................................................3

40 C.F.R. § 60.27(a) ................................................4

40 C.F.R. § 60.27(b) ................................................ 3, 7

40 C.F.R. § 60.27(c) ................................................7

40 C.F.R. § 60.27(d) ................................................3, 7

40 C.F.R. § 60.30f(a) ................................................1, 2, 11

40 C.F.R. § 60.30f(b) ................................................1

40 C.F.R. §§ 60.30f-60.41f ................................................1

40 C.F.R. §§ 60.760-60.769 ................................................1

FEDERAL REGISTER

61 Fed. Reg. 9905 (Mar. 12, 1996)................................................1, 4

81 Fed. Reg. 59,276 (Aug. 29, 2016)................................................1

81 Fed. Reg. 59,313 ................................................1

81 Fed. Reg. 59,313-330 ................................................4

81 Fed Reg. 59,332 (Aug. 29, 2016)................................................1

81 Fed Reg. 59,368-384 ................................................4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Civil L.R. 7-2, Defendants the United States Environmental Protection Agency and Andrew R. Wheeler, in his official capacity as Acting Administrator of the United States Environmental Protection Agency (collectively, "EPA"), file this motion to dismiss the Complaint filed in this action (Dkt. No. 1) (hereinafter, the "Complaint") by the State of California, by and through Attorney General Xavier Becerra and the California Air Resources Board (collectively, "California"); the State of Illinois; the State of Maryland; the State of New Mexico; the State of Oregon; the Commonwealth of Pennsylvania; the State of Rhode Island; and the State of Vermont.

## I.   INTRODUCTION

In 1996, EPA issued Clean Air Act ("CAA" or "the Act") performance standards for emissions from new municipal solid waste landfills and emission guidelines for emissions from existing municipal solid waste landfills. *Final Rule*, 61 Fed. Reg. 9905 (Mar. 12, 1996).  In 2016, EPA revised the new source performance standards, *Final Rule*, 81 Fed Reg. 59,332 (Aug. 29, 2016) (codified at 40 C.F.R. §§ 60.760-60.769), and issued revised emission guidelines, *Final Rule*, 81 Fed. Reg. 59,276 (Aug. 29, 2016) (codified at 40 C.F.R. §§ 60.30f-60.41f) (the "Emission Guidelines").  Under the Emission Guidelines, any state with one or more existing municipal solid waste landfill that commenced construction, modification, or reconstruction on or before July 17, 2014, was directed to submit a plan to EPA by May 30, 2017, to implement the Emission Guidelines.  81 Fed. Reg. at 59,313 (codified at 40 C.F.R. § 60.30f(a)-(b)).

Plaintiffs allege that the States of California and New Mexico submitted plans to implement the Emission Guidelines and that EPA failed to perform a nondiscretionary duty under its regulation, 40 C.F.R. § 60.27(b), to approve or disapprove those "state plan submissions within four months of the submission deadline, that is, by September 30, 2017." Pls.' Compl. ¶ 63; *see also id.* ¶¶ 1, 4, 8, 24, 49.  Plaintiffs further allege that, pursuant to 40 C.F.R. § 60.27(b) and(d), EPA has a non-discretionary duty "to promulgate a federal plan for

1

states that did not timely submit state plans within six months of the submission deadline, that is, by November 30, 2017."  Pls.' Compl. ¶ 64; *see also id.* ¶¶ 1, 4, 8, 24, 63.[2]

Congress provided a limited waiver of sovereign immunity for certain "citizen suits" under the Act.  42 U.S.C. § 7604(a).  The citizen suit provision authorizes any person having an interest that may be adversely affected to commence a civil action "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator."  *Id.* § 7604(a)(2).  Here, Plaintiffs have failed to identify any nondiscretionary "acts or duties under [the Clean Air Act]" that EPA has not performed and thus have failed to demonstrate a waiver of sovereign immunity.

Plaintiffs' remaining jurisdictional allegations also fail as a matter of law.  The federal question statute, 28 U.S.C. § 1331, operates only as a grant of general jurisdiction, and requires an accompanying waiver of sovereign immunity for claims against the United States or federal agencies.  Nor does the Mandamus Act, 28 U.S.C. § 1361, confer jurisdiction over Plaintiffs' claims because other adequate remedies are available under the CAA.  Likewise, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, does not provide an independent basis of jurisdiction because Plaintiffs are not seeking review of any final agency action, nor do they allege a claim of agency action unlawfully withheld or unreasonably delayed for which there is no adequate statutory remedy under the CAA's citizen suit provision.  The Court therefore lacks subject matter jurisdiction over Plaintiffs' claims.

Lastly, Plaintiffs have failed to state a claim that EPA is obligated to promulgate federal plans for states that did not submit their own.  The Complaint does not identify any states that are required to submit a plan, but have not done so, such that EPA could be obligated to promulgate a federal plan.  Indeed, the Complaint is void of any allegations identifying states "with one or more existing [municipal solid waste] landfills that commenced construction, modification, or reconstruction on or before July 17, 2014," 40 C.F.R. § 60.30f(a), and thus could be subject to the Emission Guidelines.  Plaintiffs merely allege that "[s]ome states did not submit state plans,"

---

[2] Plaintiffs describe actions of the Administrator that are set forth in 40 C.F.R. § 60.27(c), but do not cite that subsection.

2

1   Pls.' Compl. ¶ 64; ¶ 50 (alleging that Florida, Delaware, and Maryland had worked on state

2   plans).  The allegations in the Complaint are thus insufficient to establish any obligation or duty

3   on the part of EPA to promulgate plans to implement the Emissions Guidelines in specific states.

4   **II.     STATUTORY AND REGULATORY BACKGROUND**

5   **A.     Clean Air Act**

6           The CAA is intended to "protect and enhance the quality of the Nation's air resources

7   so as to promote the public health and welfare."  42 U.S.C. § 7401(b)(1).  The CAA sets up a

8   comprehensive and detailed program for control of air pollution through a system of shared

9   federal and state responsibility.  Section 111 of the Act "directs the EPA Administrator to list

10  'categories of stationary sources' that 'in [his] judgment . . . caus[e], or contribut[e]

11  significantly to, air pollution which may reasonably be anticipated to endanger public health or

12  welfare.'"  *Am. Elec. Power Co. v. Conn.*, 564 U.S. 410, 424 (2011) (quoting 42 U.S.C.

13  § 7411(b)(1)(A)).  For each category, EPA must prescribe federal "standards of performance"

14  under Section 111(b) for emissions of pollutants from new or modified sources.  42 U.S.C.

15  § 7411(b)(1)(B).

16          In addition, EPA has promulgated implementing regulations under Section 111(d) with

17  respect to existing sources' emissions of pollutants not covered under certain other programs,

18  where those existing sources' emissions of those pollutants would be subject to a Section

19  111(b) standard were they new or modified sources.  *Id*. § 7411(d); 40 C.F.R. Pt. 60, Subpt. B.

20  These implementing regulations, unlike Section 111(b) standards, are not designed to regulate

21  existing sources directly, but instead "establish a procedure" for "each State" to submit to EPA

22  a plan that establishes "standards of performance" for existing sources of the relevant pollutant.

23  *Id*.  Under the implementing regulations, EPA promulgates source category-specific "emission

24  guidelines."  *See* 40 C.F.R. § 60.22.  States submit their implementation plans to EPA within

25  nine months of the promulgation of a particular emission guideline, unless that emission

26  guideline specifies a different deadline.  *Id.* § 60.23(a)(1).  EPA will then approve or

27  disapprove a state's plan within four months after the state's submission of its plan.  *Id.* §

28  60.27(b).  If a state does not submit a plan, EPA will promulgate a federal plan within six

3

months after the deadline for the state to submit a plan.  *Id.* § 60.27(d).  In addition, "[t]he Administrator may, whenever he determines necessary, extend the period for submission of any plan or plan revision or portion thereof."  *Id.* § 60.27(a).

### B.    Regulatory Background

EPA first issued performance standards for emissions from new municipal solid waste landfills and emission guidelines for emissions from existing municipal solid waste landfills in 1996.  61 Fed. Reg. 9905.  In 2016, EPA issued revised emission guidelines by promulgating Subpart Cf, 81 Fed. Reg. at 59,313-330, and revised performance standards by promulgating Subpart XXX, 81 Fed. Reg. at 59,368-384.

### C.    The Clean Air Act's Citizen Suit Provision

Section 304 is the CAA's citizen suit provision, which, among other things, authorizes actions to compel EPA to perform nondiscretionary duties under the Act.  42 U.S.C. §§ 7604(a); Complaint ¶ 6.  Section 304(a)(2) states, in pertinent part:

> (a) Except as provided in subsection (b) of this section [concerning notice], any person may commence a civil action on his own behalf —
>
> * * *
>
> (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.
>
> * * *
>
> The district courts shall have jurisdiction . . . to order the Administrator to perform such act or duty.

42 U.S.C. §§ 7604(a) & 7604(a)(2).  Civil actions under Section 304(a)(2) may not be commenced "prior to 60 days after the plaintiff has given notice of such action to the [EPA] Administrator."  *Id.* § 7604(b)(2).

Section 304(a) also provides that district courts "shall have jurisdiction to compel . . . agency action unreasonably delayed."  *Id.* § 7604(a).  An action for unreasonable delay requires notice to the Administrator 180 days before commencing the action.  *Id.*; *see*

4

*Envtl. Integrity Proj. v. EPA*, 160 F. Supp. 3d 50, 62 (D.D.C. 2015) (internal citations omitted) (noting that sovereign immunity is jurisdictional in nature); *id.* at 54-62 (analyzing the difference between an action alleging a failure to act under Section 304(a)(2) and one for unreasonable delay under Section 304(a)); *Humane Soc'y of the United States v. McCarthy*, 209 F. Supp. 3d 280, 287-88 (D.D.C. 2016).

Under either type of citizen suit, the district courts may establish enforceable deadlines for EPA to take required actions.  *NRDC v. Train*, 510 F.2d 692, 704-705 (D.C. Cir. 1974); 42 U.S.C. § 7604(a)(2).  When doing so, the courts may take into consideration "budgetary commitments and manpower demands . . . [that are] beyond the agency's capacity or would unduly jeopardize the implementation of other essential programs." *Ala. Power Co. v. Costle*, 636 F.2d 323, 359 (D.C. Cir. 1979) (quoting *Train*, 510 F.2d at 712).

## III.   STANDARD OF REVIEW

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the court must determine whether the complaint sets forth allegations sufficient to establish the court's jurisdiction over the subject matter of the claims for relief.  Because federal courts are courts of limited jurisdiction and may hear cases only to the extent expressly provided by statute, the fundamental question presented by every case is whether the court has jurisdiction to hear it. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("jurisdiction [must] be established as a threshold matter").  Where subject matter jurisdiction does not exist, "the court cannot proceed at all in any cause." *Id.* (internal quotation marks and citation omitted).

The United States and its agencies may be sued only when Congress has consented to suit and waives sovereign immunity by statute. *FAA. v. Cooper*, 566 U.S. 284, 290 (2012).  A waiver of the United States' sovereign immunity "cannot be implied but must be unequivocally expressed," *United States v. King*, 395 U.S. 1, 4 (1969), and must be construed strictly in favor of the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-686 (1983).  The plaintiff has the burden to prove subject matter jurisdiction and waiver of sovereign immunity. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Kokkonen v.*

1   *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  If the statute can be read in a manner

2   both to allow and to disallow a waiver, it must be interpreted against the waiver.  *Nordic*

3   *Village*, 503 U.S. at 37.  In the absence of a waiver, the claims must be dismissed under Rule

4   12(b)(1).

5         Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) "can be based on the

6   lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

7   legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

8   Dismissal should be granted where the "complaint is vague, conclusory, and general and does

9   not set forth any material facts in support of the allegations."  *North Star Int'l v. Ariz. Corp.*

10   *Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).  Although well-pleaded allegations of material

11   fact are accepted as true and reasonable inferences are to be drawn in favor of the plaintiff,

12   *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998), the court need

13   not "assume the truth of legal conclusions merely because they are cast in the form of factual

14   allegations," *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted).  The

15   Ninth Circuit has made clear that "conclusory allegations of law and unwarranted inferences

16   are insufficient to defeat a motion to dismiss for failure to state a claim."  *Epstein v. Wash.*

17   *Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Starr v. Baca*, 652 F.3d 1202, 1216

18   (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the

19   elements of a cause of action, but must contain sufficient allegations of underlying facts to give

20   fair notice and to enable the opposing party to defend itself effectively").

21   **IV.   ARGUMENT**

22       **A.   The Court Lacks Jurisdiction to Hear Plaintiffs' Clean Air Act Citizen Suit.**

23           1.   <u>CAA Section 304(a)(2) Does Not Confer Jurisdiction Over Plaintiffs'</u>

24               <u>Claim</u>.

25         As noted above, after providing 60 days' notice (as Plaintiffs did here) a plaintiff may file

26   suit pursuant to Section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2), which waives sovereign

27   immunity only for suits to compel the performance of "any act or duty under this chapter which

28

6

is not discretionary with the Administrator." *Id.*; *see WildEarth Guardians v. McCarthy*, 772 F.3d 1179, 1180 (9th Cir. 2014); *Sierra Club v. Whitman*, 268 F.3d 898, 900-901 (9th Cir. 2001).

When a plaintiff sues EPA for failure "to perform any act or duty *under this chapter* which is not discretionary with the Administrator," 42 U.S.C. § 7604(a)(2) (emphasis added), the Ninth Circuit has held that "the nondiscretionary nature of the duty must be clear-cut—that is, readily ascertainable *from the statute* allegedly giving rise to the duty." *WildEarth Guardians*, 772 F.3d at 1182 (emphasis added) (citing *Our Children's Earth Found. v. EPA*, 527 F.3d 842, 851 (9th Cir. 2008) and *Farmers Union Cent. Exch., Inc. v. Thomas*, 881 F.2d 757, 760 (9th Cir. 1989)).  Further, the Ninth Circuit has emphasized that courts "must be able to identify a 'specific, unequivocal command' *from the text of the statute* at issue using traditional tools of statutory interpretation; it's not enough that such a command could be teased out 'from an amalgamation of disputed statutory provisions and legislative history coupled with the EPA's own earlier interpretation.'" *WildEarth Guardians*, 772 F.3d at 1182 (emphasis added) (citing *Our Children's Earth Found.*, 527 F.3d at 851 (internal quotation marks omitted)).

In this case, the so-called duties to approve or disapprove a state plan, or to promulgate a federal plan, are not "specific, unequivocal commands" that arise from the text of the statute. *WildEarth Guardians*, 772 F.3d at 1182.  Rather, Plaintiffs point to EPA's own schedule, set forth in the Agency's implementing regulations.  *See* 40 C.F.R. § 60.27(b); 40 C.F.R. § 60.27(c)-(d).  These regulations do not create nondiscretionary duties actionable under Section 304(a)(2).  Under Section 304(a)(2), EPA can only be ordered to perform a nondiscretionary duty that is clearly required *by statute*.  That restriction is evident from the statutory text, which authorizes suit against EPA "where there is alleged a failure of the Administrator to perform any act or duty *under this chapter* which is not discretionary with the Administrator."  42 U.S.C. § 7604(a)(2) (emphasis added); *see WildEarth Guardians*, 772 F.3d at 1182 (holding that the "the nondiscretionary nature of the duty must be clear-cut—that is, *readily ascertainable from the statute* allegedly giving rise to the duty") (emphasis added).  This conclusion was confirmed by the First Circuit—the only circuit court to have directly addressed the question—which stated that "self-imposed *regulatory* deadlines . . . are perhaps nondiscretionary, but they are not

7

*statutory* nondiscretionary duties." *Maine v. Thomas*, 874 F.2d 883, 888 n.7 (1st Cir. 1989) (emphasis in original). Thus, the plain language of Section 304(a)(2) only authorizes suits to compel the performance of acts or duties mandated by Congress in the CAA itself, not by the agency's regulations.

Moreover, to the extent this Court finds the phrase "act or duty under this chapter" ambiguous enough to potentially encompass an "act or duty [arising from regulations promulgated] under this chapter," that ambiguity must be "construed in favor of immunity"— and thus this Court should reject that broader reading. *FAA v. Cooper*, 566 U.S. 284, 290 (2012). Even if an agency could waive sovereign immunity by regulation, it could only do so if Congress clearly intended to authorize such a waiver. As the Supreme Court has held, "officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress." *United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 660 (1947); *see also Heller v. United States*, 776 F.2d 92, 98 n.7 (3d Cir. 1985) ("[G]overnment regulations alone, without the express intent of Congress, cannot waive sovereign immunity."). Here, Plaintiffs seek to compel EPA to act under the alleged regulatory duties in 40 C.F.R. § 60.27(b)-(d). But the statute authorizing these regulations, 42 U.S.C. § 7411(d)(1), did not direct EPA to impose on itself nondiscretionary duties to review state plans or issue federal plans. Thus, Congress has not unequivocally waived the sovereign immunity of the United States, and Plaintiffs cannot rely upon Section 304(a)(2) as a basis for jurisdiction.

2.    Plaintiffs Have Not Alleged—and Cannot Bring—an Unreasonable Delay Claim.

In addition to suits seeking to compel the Administrator "to perform any act or duty under this chapter which is not discretionary with the Administrator," 42 U.S.C. § 7604(a)(2), a plaintiff may also bring a citizen suit "to compel (consistent with paragraph (2) of this subsection) agency action unreasonably delayed," *id.* § 7604(a). In their Complaint, Plaintiffs do not assert any allegation of an "unreasonable delay" by EPA with respect to taking action on the submitted state plans or promulgating federal plans. But even if Plaintiffs were to seek leave to

amend their Complaint to add such allegations, this Court should deny that request.  An
unreasonable delay claim brought under Section 304(a), 42 U.S.C. § 7604(a), requires 180 days'
notice prior to filing suit.  Plaintiffs' notice of intent to sue that preceded this suit fails in two
ways.  First, the notice of intent does not assert any unreasonable delay.  Second, Plaintiffs
acknowledge that they did not provide their notice of intent to EPA at least 180 days before the
Complaint was filed on May 31, 2018.  Pls.' Compl. ¶ 8 ("On March 23, 2018, Plaintiffs sent
EPA a notice of intent to sue . . . .").  *See Envtl. Integrity Project*, 160 F.Supp.3d at 63 (citizen
suit notice of intent for unreasonable delay claim must articulate basis of claim and be submitted
at least 180 days prior to suit).  Plaintiffs cannot sidestep these jurisdictional notice requirements
by recasting their claim as one of unreasonable delay.  *See Monongahela Power Co. v. Reilly*,
980 F.2d 272, 275 n.2 (4th Cir. 1992) (60-day notice does not suffice as notice of an action for
unreasonable delay).

        In sum, Plaintiffs' claims must be dismissed because they cannot rely on Section
304(a)(2) to compel actions that are governed by regulations, and they have not asserted or
provided the requisite notice for a claim of unreasonable delay under Section 304(a).

**B.      Plaintiffs' Remaining Jurisdictional Allegations Similarly Fail as a Matter of
        Law.**

        Plaintiffs also cite the federal question statute, 28 U.S.C. § 1331, the Mandamus Act, *id.*
§1361, and the APA generally, 5 U.S.C. §§ 701-706, as a basis of jurisdiction.  Pls.' Compl. ¶ 6.
None of these confer jurisdiction over Plaintiffs' claims.

        1.      Section 1331 of Title 28 Is Not a Basis For Jurisdiction Over Plaintiffs'
                Claims.

        Section 1331 of Title 28 provides that "[t]he district courts shall have original jurisdiction
of all civil actions arising under the Constitution, laws, or treaties of the United States."  To
invoke the Court's jurisdiction under § 1331, a plaintiff must identify a federal right to be
adjudicated: "[I]n order for a claim to arise 'under the Constitution, laws, or treaties of the
United States,' 'a right or immunity created by the Constitution or laws of the United States must
be an element, and an essential one, of the plaintiffs' cause of action.'"  *Phillips Petrol. Co. v.*

9

*Texaco, Inc.*, 415 U.S. 125 (1974) (citing 28 U.S.C. § 1331 and *Gully v. First Nat'l Bank of Meridian*, 299 U.S. 109 (1936)).  Section 1331 is not an independent basis for the Court to exercise jurisdiction.  For Plaintiffs' claims to "arise under" federal law, the federal CAA must supply a private right of action.  *Merrell Dow Pharmas., Inc. v. Thompson*, 478 U.S. 804 (1986) (finding no jurisdiction under § 1331 over claim alleging violations of Food, Drug, and Cosmetic Act because the federal Act did not supply a cause of action); *see also Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1282-83 (9th Cir. 1987) ("Under *Merrell Dow*, if a federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a "substantial" federal question.").  Because Plaintiffs' claims do not state a viable cause of action under Section 304(a), 42 U.S.C. § 7604(a), or any other federal statute, there remains no federal right to be adjudicated, and Section 1331 therefore cannot form the basis for the Court's jurisdiction in this matter.

Plaintiffs have also failed to establish a waiver of sovereign immunity to litigate their claims.  Section 1331 does not waive the United States' immunity from suit.  *Kester v. Campbell*, 652 F.2d 13, 15 (9th Cir. 1981), *cert. denied*, 454 U.S. 1146 (1982).

2.   The Mandamus Act Is Not a Basis for Jurisdiction Over Plaintiffs' Claims.

The Mandamus Act provides that district courts may entertain actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Relief under the Mandamus Act is "available to compel a federal officer to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998). Mandamus jurisdiction should be used sparingly because it is a drastic remedy that is appropriate only in extraordinary circumstances.  *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).  "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief."  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986) (Mandamus relief is only available to compel an officer of the United States to perform a duty if,

10

1   *inter alia*, "no other adequate remedy is available.") (citing *Piledrivers' Local Union No. 2375 v.*

2   *Smith*, 695 F.2d 390, 392 (9th Cir. 1982)).

3         Here, Plaintiffs bring a cause of action under Section 304(a)(2), 42 U.S.C. § 7604(a)(2).

4   Although Plaintiffs' claims fail for lack of jurisdiction, as discussed above, Section 304(a) also

5   provides a remedy for claims of "agency action unreasonably delayed." *Id.* § 7604(a).  While

6   Plaintiffs have not alleged unreasonable delay, a remedy nonetheless remains available to them.

7   And where such a remedy is available, the Mandamus Act cannot provide jurisdiction for

8   Plaintiffs' claims.

9                    3.    <u>The APA Is Not a Basis for Judicial Review of Plaintiffs' Claims.</u>

10         Without explanation, Plaintiffs cite generally to the APA, 5 U.S.C. §§ 701-706, as a basis

11   of subject matter jurisdiction.  But a party may not seek review pursuant to the APA where, as

12   here, another statute provides an "adequate remedy in a court," and it is well-established that the

13   APA in itself does not provide subject matter jurisdiction.  5 U.S.C. § 704 ("Agency action made

14   reviewable by statute and final agency action for which there is no other adequate remedy in a

15   court are subject to judicial review."); *Allen v. Milas*, No. 16-15728, 2018 WL 3543152, at *3

16   (9th Cir. July 24, 2018) ("The APA provides that '[a]gency action made reviewable by statute

17   and final agency action for which there is no other adequate remedy in a court are subject to

18   judicial review.' . . . 'It is beyond question . . . that the APA does not provide an independent

19   basis for subject matter jurisdiction in the district courts.'") (quoting 5 U.S.C. § 704 and *Tucson*

20   *Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998)).  For the same reasons

21   discussed above, CAA Section 304(a) provides an adequate remedy for claims that EPA has

22   unreasonably delayed in undertaking a legally required action.  42 U.S.C. § 7604(a).

23

24

25

26

27

28

11

**C.    Plaintiffs Fail to State a Claim to the Extent They Do Not Identify the States That Should Have Submitted Plans.**

Plaintiffs fail to identify the states "with one or more existing [municipal solid waste] landfills that commenced construction, modification, or reconstruction on or before July 17, 2014," 40 C.F.R. § 60.30f(a), that could be subject to the Emission Guidelines.  Plaintiffs vaguely allege that "[s]ome states did not submit state plans," Pls.' Compl. ¶ 64, and that several states have worked on state plans, *id.* ¶ 50.  But Plaintiffs have failed to identify those states they allege are required to submit a plan, but have not done so, and for which they are alleging that EPA must promulgate a federal plan.  *See Balistreri*, 901 F.2d at 699 ("Dismissal can be based on . . . the absence of sufficient facts alleged under a cognizable legal theory."); *North Star Int'l*, 720 F.2d at 583 (affirming dismissal of a complaint described as "vague, conclusory, and general" that failed to "set forth any material facts in support of the allegations").  Plaintiffs fail to make sufficient factual allegations to identify any state for which EPA has violated the alleged nondiscretionary duty set forth in 40 C.F.R. § 60.27(d), falling woefully short of the pleading requirement of Rule 8(a)(2).

Accordingly, Plaintiffs' claim that EPA failed to promulgate federal plans must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**V.    CONCLUSION**

For the reasons explained above, the Court should dismiss the Complaint for lack of subject matter jurisdiction.  In the alternative, the Court should dismiss the portion of the Complaint alleging that EPA must issue federal plans for unspecified states because the Complaint fails to state a claim upon which relief can be granted.

//
//
//
//
//
//

12

Date:  August 7, 2018

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division


 /s/ Leslie M. Hill
LESLIE M. HILL (D.C. Bar No. 476008)
MARTHA C. MANN
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Leslie.Hill@usdoj.gov
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendant*

Of counsel:
    Karen Palmer
    Office of General Counsel
    U.S. Environmental Protection Agency

13