UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.,

Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

Defendants.

Case No. 18-cv-03237-HSG

**ORDER GRANTING MOTION TO INTERVENE**

Re: Dkt. No. 36

Pending before the Court is a motion to intervene filed by the Environmental Defense Fund ("EDF"). Dkt. No. 36 ("Mot."). For the reasons set forth below, EDF's motion is **GRANTED**.

## I.    BACKGROUND

Plaintiffs are eight states: the State of California, by and through the Attorney General and the California Air Resources Board; the State of Illinois; the State of Maryland; the State of New Mexico; the State of Oregon; the Commonwealth of Pennsylvania; the State of Rhode Island; and the State of Vermont. Dkt. No. 1 ¶¶ 1, 10–18 ("Compl.). Defendants are the U.S. Environmental Protection Agency and Andrew R. Wheeler, in his official capacity as Acting Administrator of the U.S. Environmental Protection Agency (collectively, "EPA").[1] *Id.* ¶¶ 20–21.

Plaintiffs bring a "citizen suit" under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401 *et seq.*, concerning EPA's alleged failure to complete non-discretionary duties required by EPA regulations. *Id.* ¶¶ 1–5. They state that relevant EPA regulations required EPA (1) to approve or disapprove state plan submissions to implement emission guidelines for certain municipal solid

---

[1] Acting Administrator Wheeler is automatically substituted for former Administrator Scott Pruitt. *See* Fed. R. Civ. P. 25(d).

waste landfills by September 30, 2017, and (2) to promulgate a federal plan for states that either submitted plans that were disapproved by EPA or did not timely submit state plans by November 30, 2017. Compl. ¶¶ 1, 4, 8, 24, 49, 63–64. Plaintiffs' complaint, filed on May 31, 2018, alleges that EPA's failure to perform these actions violated the CAA. *Id.* ¶ 4. Plaintiffs "seek a declaration that EPA's actions and inactions have violated the Clean Air Act, and a mandatory injunction requiring EPA to immediately implement and enforce the Emission Guidelines." *Id.* ¶ 5.

On September 13, 2018, EDF filed a motion to intervene. Dkt. No. 36 ("Mot."). EDF seeks an order granting it leave to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) or, alternatively, through permissive intervention under Federal Rule of Civil Procedure 24(b). Mot. at 13. The proposed complaint-in-intervention "seeks a declaration that EPA's actions and inactions have violated the [CAA] and injunctive relief in the form of an order requiring EPA to immediately implement the Landfill Emissions Guidelines." Dkt. No. 36-3 at 1–2. Defendant filed its opposition on September 27, 2018, Dkt. No. 62 ("Opp."), and EDF replied on October 4, 2018, Dkt. No. 64 ("Reply").

## II.    LEGAL STANDARD

Rule 24(a) governs intervention as of right. The rule is "broadly interpreted in favor of intervention," and requires a movant to show that

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). Courts deciding motions to intervene as of right are "guided primarily by practical considerations, not technical distinctions." *See id.* (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001)); *see also United States v. City of L.A.*, 288 F.3d 391, 397 (9th Cir. 2002) (stating that "equitable considerations" guide determination of motions to intervene as of right) (citation omitted).

United States District Court
Northern District of California

Rule 24(b) governs permissive intervention. The Ninth Circuit interprets the rule to allow permissive intervention "where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *City of L.A.*, 288 F.3d at 403 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). "In exercising its discretion" on this issue, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## III.    DISCUSSION

EDF argues that it is entitled to intervention as of right, or in the alternative, to permissive intervention. Mot. at 10–11. The core of EDF's argument is that the eight State Plaintiffs may lack EDF's expertise and may not adequately represent EDF and its members' interests.

### A.    EDF Is Not Entitled to Intervention As of Right.

Although Rule 24(a) is broadly interpreted in favor of the proposed intervenor, the Court finds that EDF has not shown it is entitled to intervene as a matter of right. Because Defendant does not contest that EDF's motion is timely and that EDF has a significant protectable interest, *see* Opp. at 3, the Court turns to the remaining factors set forth in *Citizens for Balanced Use*.

#### 1.    Resolution of State Plaintiffs' claims may "impair or impede" EDF's ability to protect its interest.

After determining that there is a timely motion establishing a significant protectable interest, courts look to whether the proposed intervenor's ability to protect that interest would be "impair[ed] or impede[ed]" by "the disposition of the action." *Citizens for Balanced Use*, 647 F.3d at 897 (citation omitted). "If an absentee would be substantially affected in a practical sense by the determination made in an action, [it] should, as a general rule, be entitled to intervene . . . ." *Id.* at 898 (quoting Fed R. Civ. P. 24 advisory committee's note to 1966 amendment).

EDF asserts that if the Court were to rule in favor of the Defendant, "such a ruling could hinder EDF from making this argument in its own suit seeking to enforce EPA's duty with respect to landfills or other sources, and would threaten to significantly delay the implementation of the Guidelines at issue here." Reply at 8; *see also* Mot. at 9–10. EDF adds that even a consent decree

3

"could alter or impair EDF's ability to bring future claims." Reply at 9; *see also* Mot. at 9–10. The Court agrees. A possible stare decisis effect in the event that factual and legal determinations are reviewed on appeal "is an important consideration in determining the extent to which an applicant's interest may be impaired." *United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988). Here, if Plaintiffs do not prevail, the case may "have a persuasive stare decisis effect in any parallel or subsequent litigation" against EPA to enforce the implementation of the Landfill Emissions Guidelines. *See id.*

### 2. EDF cannot overcome the presumption that the Plaintiffs will adequately represent its interests.

Generally, "[t]he burden of showing inadequacy of representation is 'minimal' and satisfied if the [party seeking intervention] can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). In making this determination, courts consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* (quoting *Arakaki*, 324 F.3d at 1086). "The 'most important factor' in assessing the adequacy of representation is 'how the interest compares with the interests of existing parties.'" *Id.* (citation omitted). Proposed intervenors with the same ultimate objective as an existing party but different litigation strategies are normally not entitled to intervention. *Arakaki*, 324 F.3d at 1086 (citation omitted). Put differently, where a proposed intervenor and an existing party "share the same ultimate objective, a presumption of adequacy of representation arises." *Citizens for Balanced Use*, 647 F.3d at 898 (citation omitted). "The presumption may be overcome by evidence of collusion, adversity of interest, nonfeasance, incompetence, or lack of financial resources." *Miller v. Ghirardelli Chocolate Co.*, No. 12–cv–04936–LB, 2013 WL 6776191, at *8 (N.D. Cal. Dec. 20, 2013) (collecting cases).

In asserting divergent objectives, EDF claims that the State Plaintiffs "may seek a different

4

timeline for action than EDF and its members." Reply at 3. The complaints before the Court belie that claim. Both the States' Complaint and EDF's Intervenor-Complaint ask the Court for an order "requiring EPA to immediately implement the [Emission Guidelines]." *Compare* Compl. at 3 ("Plaintiffs seek a declaration that EPA's actions and inactions have violated the [CAA], and a mandatory injunction requiring EPA to immediately implement and enforce the Emission Guidelines.") *with* Dkt. No. 36-3 at 1–2 ("Proposed-Intervenor seeks a declaration that EPA's actions and inactions have violated the [CAA] and injunctive relief in the form of an order requiring EPA to immediately implement the Landfill Emissions Guidelines.")

Here, EDF must overcome a substantial presumption of adequacy, as it shares the same ultimate objective with the State Plaintiffs.[2] EDF does not claim, however, that the existing Plaintiffs are incompetent. Nor does EDF point to anything in the record to suggest that the States may not advance *specific* arguments. Indeed, EDF's proposed opposition to EPA's motion to dismiss advances essentially the same arguments as the State's opposition.

Accordingly, the Court finds that EDF is not entitled to intervention as of right.

**B.      Permissive Intervention is Appropriate Under these Circumstances.**

Although EDF is not entitled to intervention as of right, permissive intervention is appropriate under these circumstances. Under Rule 24(b)(1), a court may permit intervention by litigants who "ha[ve] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Where such litigants timely intervene, courts consider several factors in deciding whether to permit intervention, including:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable

---

[2] The parties dispute whether an additional presumption of adequacy exists because "states are acting on behalf of their constituencies." *See* Opp. at 4; Reply at 3–6. But whether or not that presumption exists here, it is clear that the proposed intervenor shares the "same ultimate objective" as Plaintiffs. *See Citizens for Balanced Use*, 647 F.3d at 898.

adjudication of the legal questions presented.

*Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011) (quoting *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).  District courts have "broad discretion to make this determination."  *Id.*

EPA does not dispute that EDF and State Plaintiffs share common claims.  Opp. at 9.  As to timeliness, EPA argues that the "awkward timing" of the motion to intervene could disrupt case management, as the initial case management conference was scheduled for October 2, 2018.  *Id.* EDF attended that case management conference, which was rescheduled to October 25, 2018. Dkt. No. 63.  And it appears that intervention will not cause any delay in the case, as EDF "has agreed to comply with the schedule set by the [C]ourt."  Reply at 11.

Turning to the factors articulated in *Perry*, intervention would not "unduly delay" or otherwise prejudice the adjudication of the original parties' rights.  EPA makes no real argument that permissive intervention would be prejudicial.  Most important, it is clear that "the nature and extent of [EDF's] interest" is substantial, given its past and continued participation in landfill emission legislation.  *See Perry*, 630 F.3d at 905.  Given both EDF's technical expertise and that the outcome could have significant consequences for its members, the Court finds that EDF will likely contribute "to the just and equitable adjudication of the legal questions presented."  *See id.*

///

///

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION

For the foregoing reasons, permissive intervention is warranted under the circumstances. Accordingly, EDF's motion to intervene is **GRANTED**. EDF will proceed in this action under the existing complaint filed by the States.[3] Parties are directed to confirm whether EDF joins in the stipulation regarding undisputed facts filed on September 25, 2018. *See* Dkt. No. 58.

**IT IS SO ORDERED.**

Dated: 11/20/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

---

[3] EDF submitted a Proposed Complaint with its Motion to Intervene. *See* Dkt. No. 36-3. At the October 25, 2018 hearing on this motion, however, EDF represented to the Court that it only intends to advance claims set forth in the States' Complaint, but submitted its Proposed Complaint to comply with Rule 24(c). *See* Fed. R. Civ. P. 24(c) (providing that "[a] motion to intervene must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought").