LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
MARTHA C. MANN
Martha.Mann@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M St. N.E.
Suite 4.149
Washington D.C. 20002
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*<br><br>Plaintiffs,<br><br>and<br><br>ENVIRONMENTAL DEFENSE FUND,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants. | Case No. 4:18-cv-03237-HSG<br><br>**MOTION TO AMEND ORDER AND JUDGMENT**<br><br>NO HEARING REQUESTED |

MOTION TO AMEND ORDER AND JUDGMENT
AND [PROPOSED] ORDER

Pursuant to Civil L.R. 7-1(a)(1) and Federal Rule of Civil Procedure 60(b), Defendants United States Environmental Protection Agency and Andrew R. Wheeler, in his official capacity as Administrator of the Environmental Protection Agency (collectively, "EPA") hereby move to amend the Order and Judgment entered by the Court on May 6, 2019 (Dkt. Nos. 98 and 99) (the "Order and Judgment"). Because this motion relates to a November 6, 2019 deadline for EPA action, EPA does not request a hearing.[1]

# I. INTRODUCTION

In 2016, EPA issued revised emission guidelines for emissions from existing municipal solid waste landfills, *Final Rule*, 81 Fed. Reg. 59,276 (Aug. 29, 2016), codified at 40 C.F.R. §§ 60.30f-60.41f (the "MSW Landfills Emission Guidelines"). Under the MSW Landfills Emission Guidelines, states "with one or more existing MSW landfills that commenced construction, modification, or reconstruction on or before July 17, 2014," were required to submit a state plan to EPA by May 30, 2017. 40 C.F.R. §§ 60.30f(a)-(b).

At the time of the Court's May 6, 2019 Order and Judgment, EPA's implementing regulations for emission guidelines applied to the state submission of plans to EPA, EPA action on state plans, and promulgation of a federal plan in the absence of or disapproval of a state plan. 40 C.F.R. part 60, subpart B. Specifically, 40 C.F.R. § 60.27(c) provided that EPA would propose regulations setting forth a plan or portion of a plan for a state if a state failed to submit a plan or revision within the time prescribed or if EPA disapproved a plan or revision. Section 60.27(d) then required that EPA:

> within six months *after the date required for submission of a plan* or plan revision, promulgate the regulations proposed under paragraph (c) of this section with such modifications as may be appropriate unless, prior to such promulgation, the State

---

[1] Civil L.R. 7-2(a) provides that "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge", "[e]xcept as otherwise ordered or permitted by the assigned Judge." As provided in Judge Gilliam's scheduling notes, EPA has not noticed a hearing date for this motion. Judge Gilliam, Scheduling Notes ("parties do not need to reserve a hearing date"). Further, the "next available law and motion date is January 16, 2020 (there are no dates available before this date)." *Id*.

has adopted and submitted a plan or plan revision which the Administrator determines to be approvable.

40 C.F.R. § 60.27(d) (emphasis added).

In this case, Plaintiffs alleged that, pursuant to 40 C.F.R. § 60.27(c)-(d), EPA had a non-discretionary duty "to promulgate a federal plan for states that did not timely submit state plans within six months of the submission deadline, that is, *by November 30, 2017*." Pls.' Compl. ¶ 64 (emphasis added) (Dkt. No. 1); *see also id.* ¶¶ 1, 4, 8, 24. 47. This Court agreed and ordered EPA "to promulgate regulations setting forth a federal plan, as required by 40 C.F.R. § 60.27(d), no later than November 6, 2019." Order at 16; *see also* Judgment (Dkt. No. 99).

Since the issuance of the Court's May 6, 2019 Order and Judgment, EPA's Administrator signed a final rule on August 16, 2019, that changed the submission deadline for state plans set forth at 40 C.F.R. § 60.30f(b) in the MSW Landfills Emission Guidelines from May 30, 2017, to August 29, 2019. *Final Rule*, 84 Fed. Reg. 44,547 (Aug. 26, 2019) (codified at 40 C.F.R. § 60.30f(b)).

The final MSW Landfills Subpart Ba Rule also amended the deadlines for EPA action on state-submitted plans and issuance of any federal plan, both of which are based upon the state plan submission date. First, as part of another EPA action commonly referred to as the Affordable Clean Energy Rule ("ACE Rule"), EPA amended its emission guideline implementing regulations by promulgating a new 40 C.F.R. part 60, subpart Ba. *Final Rule*, 84 Fed. Reg. 32,520, 32,564-71 (July 8, 2019) (codified at 40 C.F.R. § 60.20a-60.29a). The new regulations at Subpart Ba require EPA to "promulgate, through notice-and comment rulemaking, a federal plan, or portion thereof, at any time *within two years*" after EPA finds that a state failed to submit a plan, finds that a submitted plan does not satisfy certain minimum criteria, or disapproves a plan. 40 C.F.R. § 60.27a(c) (emphasis added). Second, in the MSW Landfills Subpart Ba Rule, EPA changed the cross-reference in the MSW Landfills Emission Guidelines to point to the new timing requirements in Subpart Ba instead of the prior timing requirements in Subpart B. 84 Fed. Reg. at 44,549 (codified at 40 C.F.R. § 60.30f(a)). Therefore, for states that do not submit a plan to EPA by the new August 29, 2019 plan submission deadline, EPA must

promulgate a federal plan within two years of the date on which EPA makes a finding that those states failed to submit plans, meaning the earliest that EPA could have a non-discretionary duty to promulgate a federal plan would be August 30, 2021.[2]

EPA previously advised the Court of the potential for a change in these regulations early in this litigation on October 23, 2018 (Dkt. No. 68) and moved the Court to stay the litigation pending finalization of the two rules described above (Dkt. No. 70). The Court denied EPA's motion to stay on December 21, 2018. Dkt. No. 82. In light of the finalization of these two rules, EPA now requests that the Court amend its Order and Judgment by vacating the requirement that EPA promulgate a federal plan by November 6, 2019. EPA's motion seeks narrow relief, in that it applies only to the promulgation of a federal plan. Moreover, the revised regulatory deadlines warrant vacatur of the Court's order regarding promulgation of a federal plan.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a party to obtain relief from a judgment or order if "applying [the judgment or order] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5); *Horne v. Flores*, 557 U.S. 433, 454 (2009) (a party "may obtain relief if prospective enforcement of that order 'is no longer equitable'"). Rule 60(b)(5) "codifies the long-established principle of equity practice that a court may, in its discretion, take cognizance of changed circumstances and relieve a party from a continuing decree." *Gilmore v. Cal.*, 220 F.3d 987, 1007 (9th Cir. 2000). It likewise "codifies the courts' traditional authority, 'inherent in the jurisdiction of the chancery,' to modify or vacate the prospective effect of their decrees." *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1252 (9th Cir. 1999).

---

[2] For states that do submit plans by August 29, 2019, EPA will determine completeness within 60 days, but no later than 6 months, of receipt of any state plan. 40 C.F.R. § 60.27a(g)(1). A finding that a state plan is incomplete would trigger EPA's obligation to promulgate a federal plan for that state within two years of a finding of incompleteness. *Id.* § 60.27a(d). Similarly, if a plan is determined to be complete by EPA or by operation of law, *id.* § 60.27a(g)(1), and EPA then disapproves the state plan, the disapproval would also trigger EPA's obligation to promulgate a federal plan for that state within two years of the disapproval. *Id.* § 60.27a(d).

1    As set forth in *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 368 (1992), a party seeking modification of an [order] bears the burden to show that a "significant change in facts or law warrants revision of the decree and that the proposed modification is suitably tailored to the changed circumstances." *Id.* at 368; *see also Sharp v. Weston,* 233 F.3d 1166, 1170 (9th Cir. 2000) (same). Applying this "flexible" Rule 60(b)(5) standard, the Ninth Circuit has directed courts to "take all the circumstances into account in determining whether to modify or vacate a prior injunction or consent decree." *Bellevue Manor,* 165 F.3d at 1256. While the considerations identified in *Rufo* (that is, a significant change in facts or law) may be relevant or even determinative in some cases, they do not define the universe of situations in which a court order should be modified. *See Alexis Lichine & Cie v. Sacha A. Lichine Estate Selections, Ltd.,* 45 F.3d 582, 586 (1st Cir. 1995) ("In our view, Rule 60(b)(5) sets forth the umbrella concept of 'equitable' that both *Swift* and *Rufo* apply to particular, widely disparate fact situations," quoted with approval in *Bellevue Manor,*165 F.3d at 1256); *Building and Const. Trades Council of Philadelphia and Vicinity, AFL-CIO v. N.L.R.B.,* 64 F.3d 880, 888 (3d Cir. 1995) ("It would be a mistake to view either *Rufo* or *Swift* as encapsulating a universal formula for deciding when [a] point has been reached [where modification or dissolution is appropriate]. Instead, each of those cases represents a response to a particular set of circumstances. A court of equity cannot rely on a simple formula but must evaluate a number of potentially competing considerations to determine whether to modify or vacate an [order]").

## III.  ARGUMENT

Here, Plaintiffs alleged that EPA had failed to comply with nondiscretionary duties based on EPA's emission guideline implementing regulations. Pls.' Compl. ¶ 64; *see also id*. ¶¶ 1, 4, 8, 24, 63. The Court interpreted Clean Air Act section 304(a)(2), 42 U.S.C. § 7604(a)(2), to apply not only to nondiscretionary duties imposed directly by the Clean Air Act, but also to duties created by EPA's regulations. Order at 5-9 (Dkt. No. 82) (denying EPA's motion to dismiss for lack of jurisdiction). Having found a waiver of sovereign immunity for EPA's failure to comply with deadlines set forth in its regulations, and therefore jurisdiction over the claim, the Court then found that the regulations' November 30, 2017 deadline for EPA to issue a federal

plan had passed. Order at 5 (Dkt. No. 98). The Court ordered EPA to issue a federal plan by November 6, 2019. Order at 16.

At the time of the Court's May 6, 2019 Order and Judgment, EPA had proposed, but not finalized, the MSW Landfills Subpart Ba Rule. *See* 83 Fed. Reg. 54,527-32 (Oct. 30, 2018). EPA has now finalized the proposed revisions to the regulations that formed the basis for Plaintiffs' claims and the Court's Order and Judgment. As a result of the changed regulations, states that have not yet submitted state plans have until August 29, 2019, to do so. 84 Fed. Reg. at 44,556 (codified at 40 C.F.R. § 60.30f(b)).[3] Based on the new deadline, for any states that fail to submit a plan by August 29, 2019, EPA will not have a nondiscretionary duty to issue a federal plan for those states until two years after the date on which EPA makes a finding of failure to submit, i.e., by no earlier than August 30, 2021.[4] *See* 40 C.F.R. § 60.27a(d). Following these regulatory changes, EPA is not in violation of any nondiscretionary duty to issue a federal plan, and the Court would lack jurisdiction to enforce the Order's requirement that EPA promulgate a federal plan by November 6, 2019. 42 U.S.C. § 7604(a)(2). *See McGrath v. Potash*, 199 F.2d 166, 168 (D.C. Cir. 1952) (vacating injunction requiring deportation hearings to be conducted consistent with requirements of the Administrative Procedure Act ("APA") because Congress enacted a statute which provided that deportation proceedings should not be subject to the hearing provisions of the APA); *Am. Horse Prot. Ass'n, Inc. v. Watt*, 694 F.2d 1310, 1316 (D.C. Cir. 1982) (citing *McGrath*, 199 F.2d at 167-68) ("When a change in the law authorizes what had previously been forbidden it is abuse of discretion for a court to refuse to modify an injunction founded on the superseded law."); *Class v. Norton*, 507 F.2d 1058, 1062 (2d Cir. 1974) (reversing district court denial of motion to injunction on the basis of change in underlying regulation where "amendment to the regulation directly undercuts the authority for the 1972 order").

---

[3] Changing the previous regulatory deadline of May 30, 2017 in 40 C.F.R. § 60.30f(b). 84 Fed. Reg. at 44,556 (codified at 40 C.F.R. § 60.30f(b)).

[4] Changing the prior regulation in § 60.27a(d) that required EPA to issue a federal plan within six months after the state submission deadline for states that fail to timely submit a plan.

Indeed, this Court has already recognized that where EPA has not yet failed to comply with a nondiscretionary duty in the future, the Court lacks jurisdiction and cannot compel the agency to act. Order at 14-15 (denying Plaintiffs' request to order EPA to act within a specified number of days on future submitted state plans). Had EPA finalized the new implementing regulations as well as the modification to the state plan submission date for the MSW Landfills Emission Guidelines prior to the Court's entry of judgment, Plaintiffs' claim would have become moot, and the Court would no longer have had jurisdiction over it. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (finding no jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it"); *N.W. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) (holding that a case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"). While EPA would have preferred that the MSW Landfills Subpart Ba Rule was finalized prior to the Court's entry of the Order and Judgment, the timing of the final rule revising states' deadline to submit state plans should not preclude the Court from exercising its equitable powers to modify its Order and Judgment in light of EPA's issuance of the MSW Landfills Subpart Ba Rule.[5]

Moreover, there can be no dispute that EPA has the authority to – as it did here – reconsider its own regulations, "since the power to decide in the first instance carries with it the power to reconsider." *Nat'l Res. Def. Council, Inc. v. United States Dep't of Interior*, 275 F.Supp.2d 1136, 1141 (C.D. Cal. 2002) (quoting *Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980)); *Gorbach v. Reno*, 179 F.3d 1111, 1123 & n.16 (9th Cir. 1999) (collecting cases applying this principle), *reh'g granted and opinion withdrawn*, 192 F.3d 1329 (9th Cir.

---

[5] On August 22, 2019, consistent with the Court's Order, notice of EPA's proposed federal plan was published. *Proposed Rule*, 84 Fed. Reg. 43,745 (Aug. 22, 2019). Though it is EPA's position that the Court lacks jurisdiction to enforce the portion of its Order and Judgment related to the federal plan because EPA has not failed to comply with the current regulatory requirement for promulgation of a federal plan, the Court has not yet vacated the requirement to issue a federal plan, so EPA proceeded with the issuance of a proposed federal plan.

1999); *Gonzales-McCaulley Inv. Grp., Inc. v. United States Dep't of Veterans Affairs*, No. CV 13-06877, 2014 WL 2937939, at *4 (C.D. Cal. June 30, 2014).[6]

In the alternative, even if the Court determines that it is not required to vacate the requirement to promulgate a federal plan in light of the change in EPA's regulations, under *Rufo*'s flexible standard for evaluating requests to modify a court order in light of changed circumstances, there is ample basis for this Court to amend its Order and Judgment to remove the requirement for EPA to promulgate a federal plan by November 6, 2019. EPA's MSW Landfills Subpart Ba Rule went through a full and robust notice-and-comment process, so it is no longer equitable to give the Court's Order and Judgment prospective effect given the change in the regulation. *See Rufo*, 502 U.S. at 383; *Agostini v. Felton*, 521 U.S. 203, 215 (1997); *Bellevue Manor Assocs.*, 165 F.3d at 1252. Moreover, as the *Rufo* standard requires, the proposed modification to the Court's Order and Judgment is narrowly tailored to address only the relevant changes in the underlying regulations. *See Rufo*, 502 U.S. at 383; *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir. 2004). EPA does not seek to modify the Order and Judgment to the extent that it requires EPA to take final action on state plans submitted prior to issuance of the MSW Landfills Subpart Ba Rule. Order at 15 (requiring EPA "to approve or disapprove of existing state plans, as required by 40 C.F.R. § 60.27(b), no later than September 6, 2019").[7] EPA only seeks to remove the obligation for EPA to "promulgate regulations setting forth a federal plan, as required by 40 C.F.R. § 60.27(d), no later than November 6, 2019" in light of the

---

[6] Any challenge to either the regulation changing the deadline for state plan submission, the MSW Landfills Subpart Ba Rule, or the regulation revising the procedures and timeline for reviewing state plans and promulgating a federal plan, the ACE Rule, 84 Fed. Reg. 32,520 is within the exclusive jurisdiction of the D.C. Circuit Court of Appeals. 42 U.S.C. § 7607(b)(1) (stating that petitions for review of "any standard of performance or requirement under section 7411, . . . or any other nationally applicable regulations promulgated, or final action taken, by the Administrator under this chapter may be filed only in the United States Court of Appeals for the District of Columbia."). Thus, as it regards these regulatory changes, this Court's role is limited to determining the impact of the changed regulations on the Order and Judgment.

[7] As modified by the Court's orders of June 14, 2019 (Dkt. No. 104) and July 19, 2019 (Dkt. No. 106). Although EPA took public comment on whether to apply its changed regulations to previously submitted plans, *Proposed Rule*, 83 Fed. Reg. 54,527, 54,530 (Oct. 30, 2018), it declined to apply the changed regulations to plans submitted prior to the promulgation of the changed regulations. 84 Fed. Reg. at 44,549-50.

new deadline for states to submit their own plans. Under the flexible standard set forth in *Rufo*, this Court should amend its Order and Judgment to vacate the requirement that EPA promulgate a federal plan.

## IV. CONCLUSION

EPA respectfully requests that the Court amend its Order and Judgment to vacate the obligation for EPA to "promulgate regulations setting forth a federal plan, as required by 40 C.F.R. § 60.27(d), no later than November 6, 2019."

Respectfully submitted,

Date: August 26, 2019

    /s/ Leslie M. Hill
LESLIE M. HILL (D.C. Bar No. 476008)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M St. N.E.
Suite 4.149
Washington D.C. 20002
Leslie.Hill@usdoj.gov
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendants*

Of Counsel:

Karen Palmer
Matthew Marks
Office of General Counsel
United States Environmental Protection Agency