LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
MARTHA C. MANN
Martha.Mann@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M St. N.E.
Suite 4.149
Washington D.C.  20002
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants. | Case No. 4:18-cv-03237-HSG<br><br>**REPLY IN SUPPORT OF EPA'S MOTION TO AMEND ORDER AND JUDGMENT**<br><br>Date: October 24, 2019<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor, Oakland Courthouse |

Pursuant to Civil L.R. 7-3 and the Court's Order (Dkt. No. 111), Defendants the United States Environmental Protection Agency and Andrew R. Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency (collectively, "EPA"), file this reply in support of EPA's Motion to Amend the Order and Judgment entered by the Court on May 6, 2019 (Dkt. No. 109) ("EPA Mot.").

## I.     ARGUMENT

Last year, EPA advised the Court last year that it was conducting two rulemakings to (1) update its 1975 emission guideline implementing regulations and (2) revise the submission date for state plans set forth at 40 C.F.R. § 60.30f(b) in the Municipal Solid Waste ("MSW") Landfills Emission Guidelines from May 30, 2017, to August 29, 2019.  EPA further explained to the Court that the result of finalizing them would be that all or part of this litigation would become moot.  Dkt. No. 68.  EPA then moved to stay the litigation pending the completion of the rulemakings, but the Court denied EPA's motion.  Dkt. Nos. 70 & 82.  Once EPA finalized the two rulemakings, EPA promptly moved to vacate the Court's Order and Judgment to the extent that the regulations underlying the Order and Judgment had been modified or superseded. Dkt. No. 109; *see Final Rule*, 84 Fed. Reg. 32,520, 32,564-71 (July 8, 2019) (codified at 40 C.F.R. § 60.20a-60.29a); *Final Rule*, 84 Fed. Reg. 44,547 (Aug. 26, 2019) (codified at 40 C.F.R. § 60.30f(b)).

Had EPA finalized these rulemakings before the Court entered the Order and Judgment, there is no question that the dispute would have been moot and the Court would not have had jurisdiction to issue the Order and Judgment.  Plaintiffs do not appear to dispute that conclusion. Likewise, Plaintiffs seem to concede that, had the deadlines at issue been embodied in the statute and changed by an act of Congress – rather than in EPA's regulations issued pursuant to the statute and lawfully amended by EPA – the Court would be required to amend its Order and Judgment consistent with the change in statutory law.

As noted in EPA's motion, courts can and routinely do amend or vacate injunctions on the basis of a change in the underlying law or regulation.  For example, in *McGrath v. Potash*, the D.C. Circuit Court of Appeals reversed the district court's refusal to vacate its injunction.

199 F.2d 166 (D.C. Cir. 1952).  With little discussion, the court of appeals held that "[t]he statutory basis for the injunction having been removed by Congress, the injunction should be vacated."  *Id.* at 167-68.  Likewise, in *American Horse Protection Association, Inc. v. Watt*, the D.C. Circuit stated that, "[w]hen a change in the law authorizes what had previously been forbidden it is [an] abuse of discretion for a court to refuse to modify an injunction founded on the superseded law."  694 F.2d 1310, 1316 (D.C. Cir. 1982) (citing *McGrath*, 199 F.2d at 167-68).  The court considered a change in the governing statute and held that a condition of the district court's injunction was no longer required in light of a change in legislation.  694 F.2d at 1319.  And it is not merely congressional action that can justify a change in law.  In *Class v. Norton*, the Second Circuit Court of Appeals found reversible error in the district court's refusal to modify an injunction requiring a state agency to process applications in 30 days after the governing federal regulation was changed to allow 45 days.  507 F.2d 1058, 1062 (2d Cir. 1974).  The court specifically considered that the deadline was found in a regulation and concluded that made no difference, stating that "[t]he regulations . . . have the presumptive force of law and we see no reason to accord lesser respect to a change in regulation than to one in statute, . . . , and thus regard this distinction as immaterial."  507 F.2d at 1061 (internal citations omitted).

Plaintiffs ignore the persuasive authority cited by EPA and argue, with no citation of authority, that because EPA *itself* took the action that changed the regulation at issue, this case should not be treated in the same manner as if Congress had changed the underlying statute.  Pls.' Opp. to Mot. to Amend at 15 (Dkt. No. 114).  This disparate treatment is inconsistent with Plaintiffs' earlier argument – that was accepted by the Court – that EPA's failure to comply with a deadline in a regulation was no different than if EPA had failed to comply with a statutory deadline within the Clean Air Act itself for purposes of establishing waiver of sovereign immunity and this Court's jurisdiction.  Pls.' Opp. to Mot. to Dismiss at 9-11 (Dkt. No. 48).  Having hinged their entire case on the proposition that statutes and regulations should be treated alike as bases for a nondiscretionary duty suit under Clean Air Act section 304(a)(2),

2

42 U.S.C. § 7604(a)(2), Plaintiffs cannot now disavow this analogy because the argument cuts the other way.

Plaintiffs make much ado over the supposed lack of case law in which courts modified injunctions that were issued to remedy an agency's failure to comply with a regulatory deadline set by the agency and subsequently modified by that same agency.  Pls.' Opp. to Mot. to Amend at 7.  However, agencies routinely modify regulations in response to a court's finding that the agency acted inconsistently with its own regulations.  This is not, as Plaintiffs wrongly allege, "contempt for the separation of powers."  *Id*. at 7, 14-15.  To the contrary, it is *respect* for that principle; courts adjudicate claims of violation of the law, including regulations, but it is the executive agencies, not the courts, that have been entrusted by Congress with the authority to establish and update those regulations.  For example, in *NAACP, Jefferson County Branch v. Donovan*, the district court had held that the Department of Labor's "method for calculating minimum wage rates for migrant farmworkers was contrary to [the Department's] own regulations."  737 F.2d 67, 68 (D.C. Cir. 1984).  Following the district court's decision, the Department amended one of the regulations.  The district court then issued an interlocutory order enjoining the Department from implementing that regulation.  *Id*.  The district court based that order, in part, "on its conclusion 'that there is substantial doubt that defendants could supersede [the district court's] order simply by promulgating a new regulation without obtaining modification of that order.'"  *Id*. at 72.  On appeal, however, the D.C. Circuit reversed the district court, explaining that the district court's earlier orders were "premised on a finding that the Labor Department had violated its own regulations," and emphasizing that "[i]t is both logical and precedented that an agency can engage in new rulemaking to correct a prior rule which a court has found defective."  *Id*. (citations omitted).

The same is true in this case.  EPA issued the regulations setting forth the timelines for its action on state plans and, if necessary, federal plans, and has the same authority to amend those regulations.  There is nothing novel or unusual about the agency doing so.  Courts find no infirmity in this practice and even suggest to the agency how it might effect such a result.  *See*, *e.g.*, *Nat'l Envtl. Dev. Assoc.'s Clean Air Project v. EPA*, 752 F.3d 999, 1010 (D.C. Cir. 2014)

3

1   (noting that EPA might be able to revise its regulations in two different ways to permissibly

2   regulate to achieve the same result that the court held in that case had been reached improperly).

3         Unlike the approaches taken in the cases described above, Plaintiffs suggest, without

4   citation to any case involving Rule 60, that this Court should adopt a flexible approach to

5   motions to amend on the basis of a change in law.  Pls.' Opp. to Mot. to Amend at 14.  Despite

6   casting their view of how Rule 60 should be applied here as *flexibly*, Plaintiffs in fact, urge

7   disregard for the change in governing law.  In any event, neither case cited by Plaintiffs

8   suggests that, in the context of a motion to amend as the result of a change in the law, the Court

9   should be flexible.

10         In *Chemical Products & Distributors Association v. Helliker*, California pesticide laws

11   regarding the exclusive use of data by original pesticide registrants were allegedly in conflict

12   with the federal pesticide law.  A trade association supporting generic pesticide interests sued

13   California and sought to enjoin enforcement of the California regulation "to the extent that [it]

14   purport[ed] to grant data submitters in California exclusive use rights to data that were

15   previously submitted to EPA and are subject to [the federal law]'s mandatory data-licensing

16   scheme."  463 F.3d 871, 873-74 (9th Cir. 2006).  The district court denied the trade

17   association's motion for summary judgment, "finding the state statute and regulations [were]

18   not pre-empted."  *Id*. at 874.  The trade association appealed.  While the appeal was pending,

19   California amended its pesticide registration law to eliminate the inconsistency between

20   California and federal law.  *Id*. at 875.  The association then suggested that its appeal was moot

21   and that the district court's opinion should be vacated.  *Id*.  The court considered whether,

22   notwithstanding the change in state law, the voluntary cessation exception to the mootness

23   doctrine might apply.  In finding that it did not, the court of appeals noted that its "

24   'pronouncements regarding mootness generally, and mootness in the context of repealed or

25   amended statutes in particular' " have varied from stating that "if a challenged law is repealed

26   or expires, the case becomes moot," to stating "that repeal or amendment 'does not deprive a

27   federal court of its power to determine the legality of the practice.'"  *Id*. at 877-78 (quoting

28   *Jacobus v. Alaska*, 338 F.3d 1095, 1103 (9th Cir. 2003)) (internal citations omitted).  The court

of appeals noted that "[t]he confusion in [its] pronouncements diminishes if [the] cases are examined on their facts."  *Id*. at 878.  While noting a "near categorical rule of mootness for statutory amendment," the court noted several cases related to "local government or administrative agency repeal or amendment" in which the unique facts of those cases did not render the particular matter moot.  *Id*. at 878 (citing *Jacobus*, 338 F.3d at 1104 (finding claims were not moot in light of a reservation of the right to prosecute past violations)); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 & n.11 (1982) (noting that the case was not moot because the "amending authority announced its intention to reenact"); *Coral Const. Co. v. King Cty.*, 941 F.2d 910, 927 (9th Cir. 1991) (remanded for a factual determination of "whether the amended ordinance mooted the case").  As to the amended California law at issue, the Ninth Circuit held that the amendment rendered the dispute moot, finding that "there is no reason to think the California legislature enacted the amendment with a mind to restoring the old law later."  463 F.3d at 878.  Thus, this case does not stand for a "flexible" approach that ignores the regulatory change in law, as Plaintiffs argue, but for an evaluation of the facts of the case.

In *Tallahassee Memorial Regional Medical Center v. Bowen*, cited on page 14 of Plaintiffs' opposition, the Eleventh Circuit Court of Appeals considered a subsequent change in an agency regulation that addressed part, but not all, of the plaintiffs' claim.  815 F.2d 1435, 1451 (11th Cir. 1987).  There, the court denied the administrative agency's motion to dismiss the entire matter as moot because, although the challenged 1979 regulation was replaced with a new rule in 1986, the plaintiffs had also sought reimbursement under the pre-1979 regulation and thus, the new rule failed to provide complete relief.  *Id*. at 1447-51.  The court did not take a flexible approach; rather the court found that new regulation did not moot the entire case and the grounds for mootness was insufficient.  The court did not ignore the change in intervening regulation.  In response to the change in intervening regulation, it held that the new 1986 regulations addressed part, but not the entirety of the plaintiffs' claims.  *Id*. at 1451.  The court did not apply a flexible standard; rather, it applied the mootness doctrine only to the extent that the new regulation did moot the claims – a factual evaluation, not a "flexible" approach that

fails to take into account changes in the underlying law. Thus, neither of these cases involving mootness supports Plaintiffs' demand that the Court should ignore intervening changes in governing law in considering the instant motion to amend pursuant to Rule 60(b)(5).

Moreover, Plaintiffs' reliance on the supposed lack of case law for this somewhat unique factual scenario—injunctive relief in a nondiscretionary duty suit based on a deadline set forth in an agency regulation, rather than a statute—is misplaced. As Plaintiffs and the Court are well aware, there were very few decisions addressing the issue of whether a deadline in a regulation could give rise to a nondiscretionary duty claim under section 304(a)(2) of the Clean Air Act. It is hardly surprising then that there would be a concomitant lack of decisions issued under this theory and fewer, or no, decisions on whether such an order should be modified on the basis of a change in the underlying regulation – particularly a change that occurs within months of the court's order. Thus, the lack of case law on this precise issue does not warrant Plaintiffs' demand that the Court refuse to modify its Order and Judgment in response to intervening changes in governing law.

Much of Plaintiffs' opposition is devoted to restating the history of the rulemakings related to the MSW Landfills Emission Guidelines, Pls.' Opp. to Mot. to Amend at 1-6, and their speculation on how the two recent rulemakings at issue will fare if challenged, *id*. at 5, 12-13. Neither is relevant to the inquiry here. This Court lacks jurisdiction to address Plaintiffs' hand-waving about either rulemaking. Any challenge to either the regulation changing the deadline for state plan submissions, 84 Fed. Reg. 44,547, or the regulation revising the procedures and timeline for reviewing state plans and promulgating a federal plan, 84 Fed. Reg. 32,520, is within the exclusive jurisdiction of the D.C. Circuit Court of Appeals. 42 U.S.C. § 7607(b)(1) (stating that petitions for review of "any standard of performance or requirement under section 7411, . . . or any other nationally applicable regulations promulgated, or final action taken, by the Administrator under this chapter may be filed only in the United States Court of Appeals for the District of Columbia.").[1] Thus, as it regards these regulatory changes,

---

[1] *See American Lung Association v. EPA*, Case No. No. 19-1140 and consolidated cases (D.C. Circuit) (challenging 84 Fed. Reg. 32,520).

this Court's role is strictly limited to determining the impact of the changed regulations on the Order and Judgment.

Lastly, contrary to Plaintiffs' assertions, key facts underlying the Court's Order and Judgment have changed.  Pls.' Opp. to Mot. to Amend at 10-12.  The underlying regulations are no longer in effect and the regulations as set forth in the Code of Federal Regulations have substantively changed.  That is beyond dispute.

## II.    CONCLUSION

For the foregoing reasons, as well as those stated in EPA's motion, the Court should grant EPA's motion and amend its Order and Judgment to vacate the obligation for EPA to "promulgate regulations setting forth a federal plan, as required by 40 C.F.R. § 60.27(d), no later than November 6, 2019."


Date:  September 23, 2019



                              /s/ Leslie M. Hill
                              LESLIE M. HILL (D.C. Bar No. 476008)
                              U.S. Department of Justice
                              Environment & Natural Resources Division
                              Environmental Defense Section
                              4 Constitution Square
                              150 M St. N.E.
                              Suite 4.149
                              Washington D.C.  20002
                              Leslie.Hill@usdoj.gov
                              Telephone (202) 514-0375
                              Facsimile (202) 514-8865

                              *Attorneys for Defendants*

Of Counsel:

        Karen Palmer
        Matthew Marks
        Office of General Counsel
        United States Environmental Protection Agency