UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 18-cv-03237-HSG<br><br>**ORDER DENYING DEFENDANTS RULE 60(B) MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 109 |

After the Court's May 6, 2019 Order granting in part Plaintiffs' motion for summary judgment (Dkt. No. 98, "Order"), Defendants U.S. Environmental Protection Agency and Andrew R. Wheeler, in his official capacity as Acting Administrator of the U.S. Environmental Protection Agency (collectively, "EPA") filed the instant motion seeking relief from the Court's Order and Judgment (Dkt. No. 99) pursuant to Federal Rule of Civil Procedure 60(b)(5).[1] Specifically, EPA argues that because the EPA Administrator signed a final rule on August 16, 2019, changing the submission deadline for state plans from May 30, 2017, to August 29, 2019, and changing EPA's timeline to promulgate a federal plan from within six months of the submission deadline to within two years of the submission deadline, these significant changes in facts and law warrant a revision of the Court's May 6, 2019 Order and Judgment. The Court disagrees and **DENIES** EPA's motion.

---

[1] Plaintiffs are eight states: the State of California, by and through the Attorney General and the California Air Resources Board; the State of Illinois; the State of Maryland; the State of New Mexico; the State of Oregon; the Commonwealth of Pennsylvania; the State of Rhode Island; and the State of Vermont. Dkt. No. 1 ¶¶ 1, 10–18. Plaintiffs also include the Environmental Defense Fund, which the Court permitted to intervene on November 20, 2018. *See* Dkt. No. 78.

## I. BACKGROUND

As relevant for the pending motion, on August 29, 2016, EPA promulgated a final rule related to Municipal Solid Waste landfills.[2] Emission Guidelines and Compliance Times for Municipal Solid Waste Landfills, 81 Fed. Reg. 59,276 (Aug. 29, 2016) ("Old Rule"). The Old Rule became effective on October 28, 2016. Thereafter, according to EPA's regulations:

> 1. States were required to submit implementation plans by May 30, 2017, *see* 40 C.F.R. § 60.23(a)(1);
> 2. EPA was required to approve or disapprove submitted plans by September 30, 2017, *see* 40 C.F.R. § 60.27(b); and
> 3. If either (i) states to which the guideline pertained did not submit implementation plans, or (ii) EPA disapproved a submitted plan, then EPA was required to promulgate a federal plan within six months of the submission deadline (November 30, 2017), *see* 40 C.F.R. § 60.27(d).

The parties agreed that EPA failed to fulfill certain non-discretionary duties under 40 C.F.R. § 60.27, and after finding that Plaintiffs had standing to bring suit, the Court granted partial summary judgment for Plaintiffs. Dkt. No. 98. Specifically, the Court ordered the EPA to approve or disapprove existing state plans no later than September 6, 2019, and to promulgate regulations setting forth a federal plan no later than November 6, 2019. *Id.* at 15–16. According to EPA's status report filed on August 7, 2019, it was complying with the Court's Order by making progress on approving or disapproving existing state plans. *See* Dkt. No. 108. On August 22, 2019, EPA published notice of the proposed federal plan. *See* Federal Plan Requirements for Municipal Solid Waste Landfills That Commenced Construction On or Before July 17, 2014, and Have Not Been Modified or Reconstructed Since July 17, 2014, 84 Fed. Reg. 43,745 (Aug. 22, 2019) ("Proposed Federal Plan").

On August 16, 2019, EPA amended its regulations to change the applicable deadlines. States must now "submit a state plan to the EPA by August 29, 2019," pushing the deadline back over two years. 40 C.F.R. § 60.30f ("New Rule"). Additionally, EPA amended the regulations applicable to the Administrator's actions as follows:

> (c) The Administrator will promulgate, through notice-and-comment rulemaking, a federal plan, or portion thereof, at any time *within two*

---

[2] A complete review of the history of the case can be found in the Court's previous Order granting summary judgment to the Plaintiffs. Dkt. No. 98.

>    *years* after the Administrator:
>    (1) Finds that a State fails to submit a required plan or plan revision or finds that the plan or plan revision does not satisfy the minimum criteria under paragraph (g) of this section; or
>    (2) Disapproves the required State plan or plan revision or any portion thereof, as unsatisfactory because the applicable requirements of this subpart or an applicable subpart under this part have not been met.

40 C.F.R. § 60.27a(c) (emphasis added). EPA promptly filed this Motion to Amend Order and Judgment on August 28, 2019, for which briefing is complete. Dkt. Nos. 109 ("Mot."), 114 ("Opp."), 116 ("Reply"). EPA asks the Court to vacate its order and judgment that requires EPA to promulgate a federal plan by November 6, 2019. *See generally* Mot.[3] The Court held a hearing on the motion to amend order and judgment on October 24, 2019. Dkt. No. 120.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b), in relevant part, provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[]: (5) . . . applying [the judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "[T]he Rule codifies the courts' traditional authority, 'inherent in the jurisdiction of the chancery,' to modify or vacate the prospective effect of their decrees." *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1252 (9th Cir. 1999) (quoting *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932)).

The Ninth Circuit has established a two-part standard to modify a final judgment or order under Rule 60(b)(5). First, the "party seeking modification of [an order] bears the burden of establishing that a significant change in circumstances warrants revision of the decree." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992). Once this initial burden is met, the "district court must then determine whether the proposed modification is suitably tailored to resolve the problems created by the changed factual or legal conditions." *United States v. Asarco Inc.*, 430 F.3d 972, 979–80 (9th Cir. 2005). In making its determination, the Court may "take all the circumstances into account in determining whether to modify or vacate a prior [order or judgment]." *Bellevue Manor*, 165 F.3d at 1256.

---

[3] The EPA does not seek modification of the Court's order and judgment that requires EPA to take final action on state plans submitted prior to the issuance of the New Rule. Mot. at 7.

3

### III. ANALYSIS

In bringing a Rule 60(b) motion, EPA asks the Court to determine whether its own amendment of a federal rule constitutes "a significant change in facts or law" that warrants the revision of the Court's Order. In its discretion, the Court finds that the situation presented here, where EPA undisputedly violated the Old Rule, received an unfavorable judgment, and then issued the New Rule only to reset its non-discretionary deadline (rather than to remedy its violation), does not render the judgment inequitable.

EPA contends that "[w]hen a change in the law authorizes what had previously been forbidden it is abuse of discretion for a court to refuse to modify an injunction founded on the superseded law." *Am. Horse Prot. Ass'n, Inc. v. Watt*, 694 F.2d 1310, 1316 (D.C. Cir. 1982); *see also Class v. Norton*, 507 F.2d 1058, 1062 (2d Cir. 1974); *McGrath v. Potash*, 199 F.2d 166, 168 (D.C. Cir. 1952). However, the facts in *American Horse* and the other cases where courts have so held are plainly distinguishable from the situation presented here. In each case, the change in law was made by a non-party. In *American Horse*, an amendment of the governing federal statute by Congress warranted granting the Bureau of Land Management's motion to dissolve an injunction. 694 F.2d at 1319–20. In *Class*, a change in federal regulation extending the processing ceiling for applications for Aid to Families with Dependent Children warranted relief for the state agency charged with implementing the state plan. 507 F.3d at 1062. Finally, in *McGrath*, Congress enacted a new statute, removing the statutory basis for the district court's holding and warranting relief under Rule 60(b). Here, unlike those cases, the EPA amended its own regulations after numerous states filed this action to compel it to comply with its duties, after the Court found it in violation of its non-discretionary duties, and after the Court issued an order detailing how the agency was required to comply.[4] EPA's voluntary action here makes this case unlike those where subsequent changes in law were enacted by third parties, as opposed to by the very party subject to

---

[4] That the EPA previously alerted the Court to the then-proposed amendment does not compel a different outcome. *See* Mot. at 3. The amendment was subject to the ordinary uncertainty of the rulemaking process, and importantly, the Court determined that Plaintiffs established harm stemming from the EPA's failure to promulgate a federal plan by November 30, 2017. *See* Dkt. No. 82, 98. That harm does not dissipate, and in fact continues, by virtue of EPA's delay of its non-discretionary deadline.

the Court's order.

Nor does this case present a situation where the agency's new regulation sought to cure the deficiency identified by the Court. While "[i]t is both logical and precedented that an agency can engage in new rulemaking to correct a prior rule which a court has found defective," *N.A.A.C.P., Jefferson Cty. Branch v. Donovan*, 737 F.2d 67, 72 (D.C. Cir. 1984), such that granting a Rule 60(b) motion is equitable, the Court never found the Old Rule defective. Instead, EPA, by its own admission, was in violation of its regulation by failing to act. EPA then enacted the new regulations, which only delay EPA's obligations, rather than changing them. This action sidesteps the Court's order, delaying EPA's fulfillment of unchanged obligations with no guarantee that this precise situation will not occur again in two years' time. Additionally, this scenario presents a serious concern that in cases where a judgment is premised on an agency's failure to meet deadlines, that agency can perpetually evade judicial review through amendment, even after a violation has been found. *Cf. Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1452 (11th Cir. 1987) ("Without at all wishing to suggest any improper motive on the part of the [Administrator] in this case . . . , it is still a concern that [allowing modification of the Order] could permit, in some future case, an abuse of the interaction between administrative agencies and the courts.").

Significantly, outside of Defendant's reliance on the new amendment, all other circumstances indicate that enforcement of the judgment is still equitable. *See Bellevue Manor*, 165 F.3d at 1256 (instructing the Court to "take all the circumstances into account in determining whether to modify or vacate a prior [order or judgment]."). After careful consideration of EPA's representations about the phases required to conduct rulemaking for the final action on a federal plan, the Court imposed a six-month deadline to promulgate a federal plan, a presumptively reasonable timeframe given the previous regulation. Dkt. No. 98 at 13–14. Thus, EPA was ordered to set forth a federal plan no later than November 6, 2019. *Id.* at 16. The Proposed Federal Plan was issued on August 22, 2019, and the notice and comment period was complete as of October 7, 2019. *See* Proposed Federal Plan, 84 Fed. Reg. 43,745. All that remains is for the agency to incorporate public comments and promulgate the federal plan, which EPA noted "is not

a significant regulatory action . . . submitted to [OMB] for review." *Id.* at 43,755. Given EPA's significant progress and the limited work remaining on the federal plan, the record does not establish that the Court-imposed six-month deadline is no longer equitable.

Issuing a final federal plan also poses no obstacle to EPA's New Rule. The New Rule provided additional time for states to submit a state plan, and early issuance of a federal plan does not prevent states from submitting, and EPA from approving, new state plans. *See* 40 C.F.R. §§ 60.27a(c), 60.30f. Instead, it imposes emissions guidelines on all states who failed to provide a state plan, ensuring that the harm disclosed by Plaintiffs ceases.

## IV.  CONCLUSION

Finding that EPA has failed to meet its burden to demonstrate that imposition of the Court's Order is no longer equitable, the Court, in its discretion, **DENIES** EPA's Motion to Amend Order and Judgment. The Court further **STAYS** the judgment for sixty days to allow either party to file a notice of appeal. If no notice is filed, the stay will lift automatically on January 7, 2020. This order further terminates as **MOOT** Dkt. No. 123.

**IT IS SO ORDERED.**

Dated:  11/5/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge