LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
MARTHA C. MANN
Martha.Mann@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M St. N.E.
Suite 4.149
Washington D.C.  20002
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

STATE OF CALIFORNIA, *et al.*,

    Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

    Defendants.

Case No. 4:18-cv-03237-HSG

**REPLY IN SUPPORT OF EPA'S MOTION FOR STAY PENDING APPEAL**

NO HEARING REQUESTED

Pursuant to Civil L.R. 7-3 and the Court's Order (Dkt. No. 111), Defendants the United States Environmental Protection Agency and Andrew R. Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency (collectively, "EPA"), file this reply in support of EPA's motion for a stay pending appeal of the Court's Order of November 5, 2019 (Dkt. No. 124), denying EPA's Motion to Amend Order and Judgment (Dkt. No. 109). ("EPA Mot.").

## I.   ARGUMENT

Plaintiffs fail to rebut EPA's demonstration that it is likely to succeed on the merits of an appeal.  First, Plaintiffs continue to back pedal from the basis of the Court's jurisdiction.  On the one hand, they previously argued that the deadline set forth solely in EPA's regulations constituted "any act or duty under this chapter," 42 U.S.C. § 7604(a)(2),[1] but on the other hand, they now assert that EPA's duly enacted amendment to those regulations is but a "bare regulatory change."  Pls.' Opp. at 2 (Dkt. No. 134); *see also id*. at 10-11.  Plaintiffs cannot have it both ways: either, on the one hand, the regulatory deadline at issue is a mere regulation, or, on the other, it rises to the level of an "act or duty under this chapter" as do deadlines in the statute itself, in which case it can give rise to a citizen suit for failure to comply with the deadline and, when amended, should be (as would be an amended statutory deadline) treated as a change in law sufficient to warrant amendment of the Court's Order.[2]

Plaintiffs erroneously assert that, notwithstanding that the D.C. Circuit has jurisdiction to review EPA's amended regulations and that challenges to those regulations are in fact now

---

[1] *See* Pl. States' Opp. to EPA's Mot. to Dismiss at 9-11 (Dkt. No. 48); Pl.-Intervenor's Opp. to EPA's Mot. to Dismiss at 1-2, 6-10 (Dkt. No. 49).

[2] Plaintiffs continue to inaccurately refer to the EPA rulemaking at issue as the "Delay Rule." Pls.' Opp. at 2, 5, 7, 10, 12.  On the contrary, the rulemaking at issue is an amendment to the Municipal Solid Waste ("MSW") Landfills Emission Guidelines to align the Emission Guidelines with the new implementing regulations, promulgated in summer 2019, that set requirements to govern ongoing and potential future rulemakings under CAA section 111(d). *Final Rule*, 84 Fed. Reg. 44,547 (Aug. 26, 2019) (codified at 40 C.F.R. § 60.30f(b)); *see Final Rule*, 84 Fed. Reg. 32,520, 32,564-71 (July 8, 2019) (codified at 40 C.F.R. § 60.20a-60.29a) (aligning the Clean Air Act section 111(d), 42 U.S.C. § 7411(d), implementing regulations with section 110, 42 U.S.C. § 7410).  *See also* EPA's Mot. to Stay at 2-5 & 2 n.2 (Dkt. No. 70).

1

pending in that Court, "EPA could move the goalposts yet again" by completing another rulemaking to amend the relevant deadlines.[3]  If the D.C. Circuit were to vacate either the new timing requirements in EPA's revised implementing regulations[4] or the EPA's cross-reference to those requirements in the MSW Landfills Emission Guidelines,[5] EPA would have to take that Court's rulings into account and it is difficult to imagine what basis the Agency would have to revise the deadline for the submission of state plans again.  Moreover, to the extent Plaintiffs' concern is that, if the D.C. Circuit were to overturn the new regulations, EPA would not issue a federal plan without Plaintiffs bringing another lawsuit, then, as EPA suggested at the hearing on its motion to amend, Tr. 6:15-17 (Dkt. No. 122), the Court could stay this case and its Order and Judgment requiring EPA to "promulgate regulations setting forth a federal plan, as required by 40 C.F.R. § 60.27(d), no later than November 6, 2019," currently stayed until January 7, 2020, pending resolution of the challenges to the new regulations pending in the D.C. Circuit.[6]

Further, Plaintiffs misconstrue EPA's footnote noting that "citizens can seek to have district courts impose deadlines on EPA via a suit to compel action unreasonably delayed.  42 U.S.C. § 7604(a)."  EPA's Mot. at 9 n.3.  First, EPA notes that it urged in its motion to dismiss

---

[3] Challenges to the new implementing regulations and the regulation aligning the MSW Landfills Emission Guidelines is within the exclusive jurisdiction of the D.C. Circuit Court of Appeals. 42 U.S.C. § 7607(b)(1) (stating that petitions for review of "any standard of performance or requirement under section 7411, . . . or any other nationally applicable regulations promulgated, or final action taken, by the Administrator under this chapter may be filed only in the United States Court of Appeals for the District of Columbia.").  This is not a situation in which the agency has repeatedly changed the relevant deadline.  As EPA explained in its motion, the availability of judicial review obviates the Court's – and Plaintiffs' -- apparent concern that EPA could indefinitely adjust the state plan submission deadline and resulting deadline for promulgation of a federal plan.  That is, judicial review precludes the arbitrary resetting of the deadlines that the Court – and Plaintiffs -- speculate could occur." EPA's Mot. at 9.
[4] 84 Fed. Reg. 32,520.
[5] *Final Rule*, 84 Fed. Reg. 44,547 (Aug. 26, 2019) (codified at 40 C.F.R. § 60.30f(b)).
[6] *See New York v. EPA*, Case No. 19-1140 (D.C. Cir.) (consolidated) (challenging the ACE Rule) (petitioners include Plaintiff States California, Rhode Island, Pennsylvania, Oregon, New Mexico, Vermont, Illinois, and Maryland); *Appalachian Mountain Club, et al. v. EPA*, Case No. 19-1140 (D.C. Cir.) (consolidated) (same) (petitioners include the Environmental Defense Fund ("EDF")); *California v. EPA*, Case No. 19-1227 (D.C. Cir.) (challenging the MSW Landfills Subpart Ba Rule); *EDF v. EPA*, Case No. 19-1222 (D.C. Cir.) (same).

1  that only unreasonable delay actions are available where the deadline in question is a creature not
2  of statute but regulation.  *See* EPA's Mot. to Dismiss at 8-9 (Dkt. No. 28); EPA's Reply at 11-12
3  (Dkt. No. 65).  Second, in such a suit for unreasonable delay under CAA section 304(a) (rather
4  than one for failure to perform nondiscretionary duty under 304(a)(2)), if a district court were to
5  find that EPA had unreasonably delayed in carrying out a *statutory* obligation and subsequently
6  imposed a deadline, no change in the associated regulatory deadlines would provide grounds for
7  alteration of that court-ordered deadline.  Plaintiffs argue that, because EPA concedes that it
8  could not alter a court-ordered deadline issued to resolve a claim for unreasonable delay, EPA
9  should also be unable to obtain relief from the court-ordered deadline issued on the instant claim
10 for failure to perform a nondiscretionary duty by, as it has done here, duly changing the relevant
11 regulatory deadline through notice-and-comment rulemaking.  Pls.' Opp. at 7.  This does not
12 follow.  If the court had held that EPA had *unreasonably delayed* performing an action for which
13 there was no *statutory* deadline, whatever changes in that context EPA had made to its
14 *regulatory* deadlines would not speak to that holding.  Rather, EPA's position is that, to the
15 extent this Court has treated the *deadline in EPA's regulations* as a valid basis for Plaintiffs to
16 bring a claim for failure to perform a nondiscretionary duty, this Court must be consistent and
17 must treat a duly promulgated *change to* that regulatory deadline, adduced as a basis for a motion
18 to amend the court's Deadline Order, the same way that it would treat a Congressional
19 *amendment to a statutory deadline.*.

20       In *Toussaint v. McCarthy*, the Ninth Circuit stated that "[a] change in the law may
21 constitute a changing circumstance requiring the modification of an injunction."  801 F.2d 1080,
22 1090 (9th Cir. 1986).  The Court of Appeals then quotes *American Horse Protection Association,*
23 *Inc. v. Watt*, 694 F.2d 1310, 1316 (D.C. Cir. 1982), stating that "[w]hen a change in the law
24 authorizes what had previously been forbidden, it is an abuse of discretion for a court to refuse to
25 modify an injunction founded on superseded law."  *Id*.  Contrary to Plaintiffs' suggestion, EPA
26 does not dispute that, as in *Toussaint* or *American Horse Protection Association*, the standard of

review on appeal here will be an abuse of discretion standard.[7] EPA's position is in fact that the Court has abused its discretion by refusing to grant its motion to amend. And no party has identified any case – in this or any another jurisdiction -- in which, where a district court refused to amend an injunction in light of a change in law, the court of appeals did not subsequently hold that refusal to bean abuse of discretion.[8] To that end, Plaintiffs mischaracterize *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 390 (1992), claiming that it stands for the proposition that "a change in law—even statutory law—does not 'in and of itsel[f] provide a basis for modifying a decree." Pls.' Opp. at 8 (quoting 502 U.S. at 390). The quoted statement in *Rufo* does not relate to either changes in statutory (or regulatory) law or the modification of an order granting injunctive relief; rather, it states in full that "[w]hile a decision that clarifies the law will not, in and of itself, provide a basis for modifying a decree, it could constitute a change in circumstances that would support modification if the parties had based their agreement on a misunderstanding of the governing law." 502 U.S. at 390.[9]

Plaintiffs assert that "compliance with this Court's deadline offends no provision of the [new regulations], as nothing prohibits EPA from promulgating a federal plan in advance of a regulatory deadline." Pls.' Opp. at 12. While it may be true that nothing *prevents* EPA from promulgating a federal plan before one is required, the current and validly issued regulations do not yet *require* EPA to do so. Because the current regulations do not require EPA to promulgate a federal plan at this time, it is an abuse of this Court's discretion to *require* EPA to do so simply

---

[7] In response to the Court's query regarding the standard of review on appeal, the transcript indicates that the undersigned counsel stated: "I don't agree that's the standard of review." Tr. 3:8-9. Counsel believes that she stated, "I don't [dis]agree that's the standard of review." In any event, it is EPA's position that the applicable standard is an abuse of discretion.

[8] Plaintiffs mischaracterize the holding of *NAACP, Jefferson County Branch v. Donovan,* 737 F.2d 67 (D.C. Cir. 1984) and concur in the Court's incorrect conclusion that *Donovan* is distinguishable from the present situation. Pls.' Opp. at 10. EPA's opening motion addresses the holding of *Donovan* and EPA will not repeat that discussion here. *See* EPA's Mot. at 7-8.

[9] Plaintiffs also cite *Taylor v. United States*, 181 F.3d 1017, 1026 (9th Cir. 1999) (en banc), for two irrelevant propositions: (1) that Congress cannot require a court to reopen a final judgment; and (2) that the obligation at issue here does not require on-going court supervision. Pls.' Opp at 8 n.5 & 9 n.6. Neither of these propositions apply here, nor were they at issue in any of the cases cited by EPA involving changes in law or regulation. *See* EPA's Mot. at 6-8.

because it is *possible* for EPA to promulgate a federal plan.  EPA's regulation now "authorizes what had previously been forbidden, *Am. Horse Prot. Ass'n, Inc. v. Watt*, 694 F.2d at 1316, in that whereas at the time that the Court ordered EPA to promulgate a federal plan by November 9, 2019, EPA was in violation of the existing regulations, upon issuance of the new regulations, EPA is no longer has an obligation promulgate a federal plan.  This is the basis on which EPA grounds its position that the Court's denial of its motion to amend constitutes an abuse of discretion.

Lastly, Plaintiffs argue that "[a]n agency that was serious about the states' role in the process would not have given states three days' notice of the new submission date." Pls.' Opp. at 13.  Plaintiffs are deliberately ignoring the genesis of the new state plan submission deadline of August 29, 2019.  Under the new implementing regulations generally governing the ongoing and prospective implementation of EPA regulations under Clean Air Act ("CAA") section 111(d), 42 U.S.C. § 7411(d), not solely for landfills but for any sector that EPA may regulate under that statutory provision, for revisions to state plans "required in response to a revised emission guideline, such plan revisions shall be submitted to the Administrator *within three years* [of the promulgation of the revised emission guideline]. . . ." 40 C.F.R. § 60.28a(a) (emphasis added).  Thus, EPA did not simply pick out a random new deadline for the revised state landfills plan submission.  Instead, in applying the new implementing regulations to the MSW Landfills Emission Guidelines, EPA determined that August 29, 2019, was three years from the date of issuance of the Emission Guidelines, i.e. August 29, 2016, *see* Final Rule, 81 Fed. Reg. 59,276 (Aug. 29, 2016).  Further, states were on notice of the likelihood that August 29, 2019 would be finalized as the new deadline for state plan submission when EPA proposed that deadline in its proposed rule on October 30, 2018.  *Proposed Rule*, 83 Fed. Reg. 54,527, 54,529 (Oct. 30, 2018).  Indeed, the timing of the new state submission plan – consistent with the revised implementing regulations – demonstrates that EPA here is not seeking delay for its own sake or out of any disrespect for the Court's order, but rather because EPA has aligned the deadlines for landfills state plan implementation with its recent revisions to the general implementing regulations for CAA section 111(d).  This is in keeping with the Congressional

provision that CAA section 111(d) procedures shall be similar to those under CAA section 110 and the 1990 amendments to the latter deadlines.[10]  Having aligned its regulatory provisions consistent with Congressional direction, EPA does not foresee a circumstance where further revision of the regulatory deadlines implementing section 111(d) would be appropriate. Plaintiffs' concern that EPA may "move the goalposts" is misplaced.

Thus, Plaintiffs have failed to rebut EPA's demonstration that it is likely to succeed on the merits of an appeal.

## II. CONCLUSION

For the foregoing reasons, as well as those stated in EPA's motion, EPA respectfully requests that the Court stay its Order and Judgment requiring EPA to "promulgate regulations setting forth a federal plan, as required by 40 C.F.R. § 60.27(d), no later than November 6, 2019," currently stayed until January 7, 2020, pending disposition of any appeal of that Order by EPA to the United States Court of Appeals for the Ninth Circuit.

//
//
//
//
//
//
//
//
//
//

---

[10] 84 Fed. Reg. at 32,564 (explaining that EPA amended its outdated 1975 emission guideline implementing regulations, consistent with Congressional direction to "prescribe regulations which shall establish a procedure similar to that provided by section [1]10," 42 U.S.C. § 7411(d)(1)).

Date:  December 8, 2019

    /s/ Leslie M. Hill
LESLIE M. HILL (D.C. Bar No. 476008)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M St. N.E.
Suite 4.149
Washington D.C.  20002
Leslie.Hill@usdoj.gov
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendants*

Of Counsel:

    Karen Palmer
    Matthew Marks
    Office of General Counsel
    United States Environmental Protection Agency