UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Case No. 18-cv-03237-HSG <br><br> **ORDER DENYING MOTION TO STAY** <br><br> Re: Dkt. No. 129 |

Pending before the Court is Defendants' motion for a stay pending appeal of the Court's November 5, 2019 Order denying EPA's motion to alter judgment under Federal Rule of Civil Procedure 60(b)(5). Dkt. No. 129. As relevant for the pending motion, as of October 28, 2016, the EPA's regulations imposed the following requirements:

1. States were required to submit implementation plans by May 30, 2017, *see* 40 C.F.R. § 60.23(a)(1);
2. EPA was required to approve or disapprove submitted plans by September 30, 2017, *see* 40 C.F.R. § 60.27(b); and
3. If either (i) states to which the guideline pertained did not submit implementation plans, or (ii) EPA disapproved a submitted plan, then EPA was required to promulgate a federal plan within six months of the submission deadline (November 30, 2017), *see* 40 C.F.R. § 60.27(d).

Pursuant to these regulations, the parties agreed that EPA failed to fulfill certain non-discretionary duties under 40 C.F.R. § 60.27, and after finding that Plaintiffs had standing to bring suit, the Court granted partial summary judgment for Plaintiffs. Dkt. No. 98.[1] Specifically, the Court

---

[1] Plaintiffs are eight states: the State of California, by and through the Attorney General and the California Air Resources Board; the State of Illinois; the State of Maryland; the State of New Mexico; the State of Oregon; the Commonwealth of Pennsylvania; the State of Rhode Island; and the State of Vermont. Dkt. No. 1 ¶¶ 1, 10–18. Plaintiffs also include the Environmental Defense Fund, which the Court permitted to intervene on November 20, 2018. *See* Dkt. No. 78.

ordered the EPA to approve or disapprove existing state plans no later than September 6, 2019, and to promulgate regulations setting forth a federal plan no later than November 6, 2019. *Id.* at 15–16. On August 22, 2019, EPA published notice of the proposed federal plan. *See* Federal Plan Requirements for Municipal Solid Waste Landfills That Commenced Construction On or Before July 17, 2014, and Have Not Been Modified or Reconstructed Since July 17, 2014, 84 Fed. Reg. 43,745 (Aug. 22, 2019) ("Proposed Federal Plan").[2]

On August 16, 2019, EPA amended its regulations to change the applicable deadlines. States now must "submit a state plan to the EPA by August 29, 2019," pushing the deadline back over two years. 40 C.F.R. § 60.30f ("New Rule"). Additionally, EPA amended the regulations applicable to the Administrator's actions as follows:

> (c) The Administrator will promulgate, through notice-and-comment rulemaking, a federal plan, or portion thereof, at any time *within two years* after the Administrator:
> (1) Finds that a State fails to submit a required plan or plan revision or finds that the plan or plan revision does not satisfy the minimum criteria under paragraph (g) of this section; or
> (2) Disapproves the required State plan or plan revision or any portion thereof, as unsatisfactory because the applicable requirements of this subpart or an applicable subpart under this part have not been met.

40 C.F.R. § 60.27a(c) (emphasis added). EPA subsequently filed a Motion to Amend Order and Judgment, which the Court denied on November 5, 2019. Dkt. No. 124. The Court stayed the judgment for sixty days to allow the EPA to appeal the order. *Id.* at 6. The EPA now seeks to stay the judgment pending appeal. Dkt. No. 129 ("Mot."), 134 ("Opp.").

In deciding whether to grant a stay pending appeal, the Court must consider the following four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Courts in the Ninth Circuit weigh these factors with a "general balancing" or "sliding scale" approach, under which "a

---

[2] A complete review of the history of the case can be found in the Court's previous Order granting summary judgment to the Plaintiffs. Dkt. No. 98.

2

stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). As to the first factor, if a movant is unable to show a "strong likelihood of success," then the movant must at least demonstrate that the appeal presents a "substantial case on the merits," or that there are "serious legal questions" raised. *Id.* at 965–68. However, under this lower threshold, the movant must then demonstrate that the balance of hardships under the second and third factors tips sharply in the movant's favor. *Id.* at 970.

The Court finds in its discretion that these factors weigh in favor of denying a stay. The Court found that the EPA failed to meet its burden under Rule 60(b)(5), and continues to believe that EPA is unlikely to succeed on appeal. However, the Court recognizes that the law is far from clear given the unusual facts presented in this case. As noted in its Order, numerous precedents support the proposition that "[w]hen a change in the law authorizes what had previously been forbidden, it is abuse of discretion for a court to refuse to modify an injunction founded on the superseded law." *Am. Horse Prot. Ass'n, Inc. v. Watt*, 694 F.2d 1310, 1316 (D.C. Cir. 1982); *see also Class v. Norton*, 507 F.2d 1058, 1062 (2d Cir. 1974); *McGrath v. Potash*, 199 F.2d 166, 168 (D.C. Cir. 1952). Although the "EPA's voluntary action makes this case unlike those where subsequent changes in law were enacted by third parties, as opposed to by the very party subject to the Court's order," this case implicates serious legal questions regarding the division of authority between our branches of government. Dkt. No. 124 at 4–5. Additionally, as noted in the Order, the EPA's compliance with its judgment is not a substantial burden, since it has already promulgated and received comments on the Proposed Federal Plan.[3] On the other hand, Plaintiffs continue to be harmed by the delay in implementing the Emission Guidelines. The Court's original judgment imposed a deadline to promulgate regulations setting forth a federal plan by November 6, 2019, recognizing the harm suffered by Plaintiffs. Over a month has passed since the original deadline and EPA seeks to further delay implementation of the judgment. Because

---

[3] The Court finds the EPA's reliance on *Seaside Civic League, Inc. v. HUD* unavailing. No. C-14-1823-RMW, 2014 WL 2192052, at *3 (N.D. Cal. May 23, 2014). Although "there is inherent harm to an agency in preventing it from enforcing regulations," the Court is not preventing the EPA from enforcing any substantive regulation. *Id.* The New Rule did not change the EPA's obligation to promulgate a federal plan, but instead only changed the deadlines. This does not constitute the type of harm discussed in *Seaside*.

EPA's appeal raises a serious legal question, but does not in the Court's view establish a likelihood of success, it must show that the balance of equities tips sharply in its favor. It fails to do so.

Accordingly, the Court **DENIES** the EPA's motion to stay proceedings pending appeal.

**IT IS SO ORDERED.**

Dated: 12/17/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge