| | |
|---|---|
| XAVIER BECERRA<br>Attorney General of California<br>GARY E. TAVETIAN<br>DAVID A. ZONANA<br>Supervising Deputy Attorneys General<br>TIMOTHY E. SULLIVAN, SBN 197054<br>ELIZABETH B. RUMSEY, SBN 257908<br>JULIA K. FORGIE, SBN 304701<br>Deputy Attorneys General<br>  1515 Clay Street, 20th Floor<br>  P.O. Box 70550<br>  Oakland, CA 94612-0550<br>  Telephone: (510) 879-0860<br>  liz.rumsey@doj.ca.gov<br><br>*Attorneys for the State of California,*<br>*by and through Attorney General Xavier Becerra*<br>*and the California Air Resources Board* | SUSANNAH L. WEAVER<br>Donahue, Goldberg & Weaver, LLP<br>  1008 Pennsylvania Avenue SE<br>  Washington, DC 20003<br>  Telephone: (202) 569-3818<br>  susannah@donahuegoldberg.com<br><br>PETER ZALZAL<br>RACHEL FULLMER<br>  Environmental Defense Fund<br>  2060 Broadway, Suite 300<br>  Boulder, CO 80302<br>  Telephone: (303) 447-7214<br>  pzalzal@edf.org<br>  rfullmer@edf.org<br><br>*Attorneys for Environmental Defense Fund* |

*Additional counsel listed on signature page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA**, *et al.*,<br><br>          **Plaintiffs,**<br><br>    v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY** *et al.*,<br><br>          **Defendants** | Case No. 4:18-cv-03237-HSG<br><br>**PLAINTIFFS' MOTION FOR STAY OF INJUNCTION PENDING RESOLUTION OF RELATED PROCEEDING**<br><br>Judge: The Hon. Haywood S. Gilliam, Jr.<br>Hearing Date: February 11, 2021<br>(via teleconference) |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that, on February 11, 2021, at 2:00 p.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Haywood S. Gilliam, Jr. via teleconference (as indicated in this Court's standing order), Plaintiffs the State of California et al., and Plaintiff-Intervenor Environmental Defense Fund (together, "Plaintiffs") will and do respectfully move this Court to stay—rather than vacate—its injunction pending resolution of a related proceeding.

**REQUEST FOR RELIEF**

Plaintiffs respectfully request that this Court stay—rather than vacate—its injunction against EPA, pending resolution in the Court of Appeals for the District of Columbia Circuit of Plaintiffs' petitions for review of the new regulation that underlies the agency's request for relief from judgment here. Defendants do not consent to this request for relief.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

Pursuant to Civil L.R. 7-2, Plaintiffs seek a stay of this Court's injunction pending resolution of a related proceeding.

**I.  INTRODUCTION**

In 2016, EPA issued revised guidelines for emissions from existing municipal solid waste landfills, Final Rule, 81 Fed. Reg. 59,276 (Aug. 29, 2016) (codified at 40 C.F.R. Part 60, Subpart Cf, §§ 60.30f-60.41f) (the "Emission Guidelines"). On May 31, 2018, Plaintiffs the State of California, by and through the Attorney General and the California Air Resources Board; the State of Illinois; the State of Maryland; the State of New Mexico; the State of Oregon; the Commonwealth of Pennsylvania; the State of Rhode Island; and the State of Vermont ("States") brought a complaint alleging that EPA had failed to comply with its legal duty to implement the Emission Guidelines by the deadlines set forth in EPA's regulations. ECF No. 1. This Court permitted the Environmental Defense Fund to intervene on November 20, 2018. ECF No. 78.

On May 6, 2019, in resolving the parties' cross motions for summary judgment, this Court found EPA to be in violation of its regulatory duties and ordered EPA to, among other things,

promulgate a federal plan implementing the Emission Guidelines by November 6, 2019. Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment ("Summary Judgment Order"), ECF No. 98. EPA then promulgated a regulation ("Delay Rule")[1] changing the deadlines of which it was found to be in violation. EPA then moved for relief from this Court's final judgment under Federal Rule of Civil Procedure 60(b). This Court declined to grant relief from its final judgment, finding that EPA had failed to carry its burden to demonstrate that continued enforcement of the judgment was inequitable. Order Denying Defendants Rule 60(b) Motion to Alter Judgment ("Rule 60(b) Order"), ECF No. 124. EPA appealed this Court's denial to the Ninth Circuit and also filed a motion for stay of this Court's injunction pending its appeal. This Court denied EPA's request for stay, ECF No. 139, but the Ninth Circuit ultimately granted it, *California v. EPA*, No. 19-17480, ECF No. 29 (9th Cir. Jan. 10, 2020).

Meanwhile, while that litigation was pending, Plaintiffs petitioned for review of the Delay Rule in the U.S. Court of Appeals for the District of Columbia Circuit, which has exclusive jurisdiction to review it. *Environmental Defense Fund v. EPA*, No. 19-1222 (D.C. Cir. filed Oct. 23, 2019); *California v. EPA*, No. 19-1227 (D.C. Cir., filed Oct. 25, 2019). In that case, Plaintiffs (styled as Petitioners[2]) assert that the Delay Rule should be vacated because EPA acted arbitrarily and capriciously in promulgating the regulation. Plaintiffs argue, among other things, that EPA's stated bases for the regulation expressly and without justification contradict the factual record, including statements EPA made in this litigation. *See, e.g.*, Petitioners' Opening Brief, ECF No. 1856316 (Aug. 12, 2020). Plaintiffs' challenge in the D.C. Circuit is now fully briefed and awaiting an oral argument date.

In this litigation, on October 22, 2020, the Ninth Circuit concluded that this Court did not have authority to enforce prospective injunctive relief in the form of a deadline to promulgate a federal implementation plan because EPA had changed the underlying regulation such that the agency was no longer in violation of a regulatory deadline for promulgating a federal plan.

---

[1] *Adopting Requirements in Emission Guidelines for Municipal Solid Waste Landfills*, 84 Fed. Reg. 44,547 (Aug. 26, 2019).
[2] Petitioners in the D.C. Circuit cases include all of Plaintiffs here plus the State of New Jersey.

*California v. EPA*, 978 F.3d 708 (9th Cir. 2020). For that reason, the court reversed this Court's decision denying EPA's Rule 60(b) motion and remanded with instructions for the district court to "modify the injunction consistent with [the Ninth Circuit's] opinion." *Id.* at 719. The Ninth Circuit's mandate issued. ECF No. 144.

## II.   ARGUMENT

Consistent with the Ninth Circuit's opinion, this Court should stay its injunction pending resolution of Plaintiffs' D.C. Circuit petitions for review of the Delay Rule. The premise for EPA's request for Rule 60(b)(5) relief from this Court's prospective injunction, and for the Ninth Circuit's decision that relief should have been granted under the circumstances, is the Delay Rule's change of the regulatory deadline. If that rule is vacated, however—as Plaintiffs are asking the D.C. Circuit to do—EPA's Rule 60(b)(5) motion will have no predicate and thus should be denied. Conversely, if the Delay Rule is upheld, this Court may vacate its injunction. In the meantime, a stay of the injunction will maintain the status quo and will not harm EPA, which previously indicated it did not oppose this precise course of action.

Stay, rather than vacatur, of this Court's injunction is necessary to safeguard Plaintiffs' interest in EPA's prompt compliance with the law. If this Court were to vacate its injunction now, and should Plaintiffs succeed in vacating the Delay Rule in the D.C. Circuit, they might be forced to file a new complaint or to otherwise reinitiate this litigation to seek the very same injunction to which this Court has already determined they are entitled. All of this would be a significant waste of time and resources for the parties and the Court, and a source of unwarranted and harmful delay in reducing dangerous pollution.

At oral argument in the Ninth Circuit, EPA's counsel indicated that the agency would not oppose this relief. In response to Judge Bumatay's question whether "one option might be to stay the injunction in the district court pending resolution of the merits in the D.C. Circuit on the new regs," and whether EPA saw "anything wrong with that," EPA's counsel responded: "We suggested it twice in the district court." *California v. EPA*, Oral Argument Video at 35:19-34

(July 17, 2020), *available at*

https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000017778.

Accordingly, in compliance with the Ninth Circuit's direction to "modify the injunction consistent" with its opinion, this Court should stay its injunction pending resolution of the D.C. Circuit challenges. In the event that this Court does so, it could further order the parties to file any appropriate motions in this Court within 30 days of resolution of those challenges.

## II.  CONCLUSION

On remand from the Court of Appeals for the Ninth Circuit, Plaintiffs respectfully request that this Court stay the permanent injunction in this case pending resolution of their challenges to the Delay Rule by the U.S. Court of Appeals for the District of Columbia Circuit.

Dated: December 14, 2019                    Respectfully submitted,

/s/ Susannah L. Weaver                       XAVIER BECERRA
                                             Attorney General of California
SUSANNAH L. WEAVER                           GARY E. TAVETIAN
Donahue, Goldberg & Weaver, LLP              DAVID A. ZONANA
1008 Pennsylvania Avenue SE                  Supervising Deputy Attorneys General
Washington, DC 20003                         TIMOTHY E. SULLIVAN
Telephone: (202) 569-3818                    JULIA K. FORGIE
Email: susannah@donahuegoldberg.com          Deputy Attorneys General

PETER ZALZAL                                 /s/ Elizabeth B. Rumsey
RACHEL FULLMER                               ELIZABETH B. RUMSEY
Environmental Defense Fund                   Deputy Attorney General
2060 Broadway, Suite 300                     *Attorneys for the State of California, by and*
Boulder, CO 80302                            *through Attorney General Xavier Becerra and*
(303) 447-7214                               *the California Air Resources Board*
pzalzal@edf.org
rfullmer@edf.org
*Attorneys for Environmental Defense Fund*


For the STATE OF ILLINOIS                    For the STATE OF MARYLAND
KWAME RAOUL                                  BRIAN E. FROSH
Attorney General of Illinois                 Attorney General of Maryland
DANIEL I. ROTTENBERG*                        LEAH J. TULIN*
Assistant Attorney General                   Assistant Attorney General
Environmental Bureau                         200 St. Paul Place
Illinois Attorney General's Office           Baltimore, Maryland 21202
69 W. Washington St., 18th Floor             (410) 576-6962
Chicago, Illinois 60602                      ltulin@oag.state.md.us
(312) 814-3816
DRottenberg@atg.state.il.us

4

For the STATE OF NEW MEXICO
HECTOR BALDERAS
Attorney General of New Mexico
BILL GRANTHAM*
Assistant Attorney General
201 Third Street NW, Suite 300
Albuquerque, New Mexico 87102
(505) 717-3520
wgrantham@nmag.gov

For the STATE OF OREGON
ELLEN F. ROSENBLUM
Attorney General of Oregon
PAUL GARRAHAN*
Attorney-in-Charge
Natural Resources Section
Oregon Department of Justice
1162 Court Street, N.E.
Salem, Oregon 97301-4096
(503) 947-4342
paul.garrahan@doj.state.or.us

For the COMMONWEALTH OF PENNSYLVANIA
JOSH SHAPIRO
Attorney General of Pennsylvania
MICHAEL J. FISCHER*
Chief Deputy Attorney General
ROBERT A. REILEY
Assistant Director, Pennsylvania Department of Environmental Protection
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
(215) 560-2171
mfischer@attorneygeneral.gov

For the STATE OF RHODE ISLAND
PETER NERONHA
Attorney General of Rhode Island
GREGORY S. SCHULTZ
Special Assistant Attorney General
RI Office of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
gschultz@riag.ri.gov

For the STATE OF VERMONT
THOMAS J. DONOVAN, JR.
Attorney General of Vermont
NICHOLAS F. PERSAMPIERI*
Assistant Attorney General
Office of the Vermont Attorney General
109 State Street
Montpelier, Vermont 05609
(802) 828-3171
nick.persampieri@vermont.gov

*Admitted to practice *pro hac vice*.